Corder *v.* Martin et al.

---

CORDER, Plaintiff in Error, *vs.* MARTIN & GLASCOCK, Defendants in Error.

1. A bond given to obtain an injunction of a judgment at law was conditioned that the defendant in the judgment should pay "all sums of money, damages and costs that should be adjudged against him, if the injunction should be dissolved." The injunction was dissolved, and the decree was that the bill be dismissed, and that the complainant pay the costs of the injunction suit. *Held,* The securities in the bond are not liable to pay to the defendant in the injunction suit the amount of the judgment enjoined; nor the costs of that suit, unless he had first paid them to the officers entitled to them.

*Error to Marion Circuit Court.*

*Dryden,* for plaintiff in error. 1. It was obviously the intention of the legislature, in requiring a bond, to secure to the defendant the amount to be enjoined. Yet, it could not have been intended, that the liability of the obligors should depend upon the rendition of a decree, upon the dissolution of the injunction, expressly awarding to the defendant the amount enjoined, for this court had decided that no such decree could be rendered. *Powers & Ashley* v. *Waters,* 8 Mo. 300. 2. The *costs* of the suit were within the letter of the condition.

*Pratt & Redd,* for defendants in error. The defendants could not be liable for the amount of the judgment at law and costs, unless Lane, upon the dissolution of the injunction, had been decreed to pay said amount as damages. R. C. 1845, tit. Injunctions, section 11.

GAMBLE, Judge, delivered the opinion of the court.

Corder, the plaintiff in this case, sued one Lane, and recovered judgment. Lane obtained an injunction to restrain the collection of the money, and gave an injunction bond to the plaintiff, executed by the present defendants, Martin and Glascock. The condition of the bond, after reciting that the injunction was granted to restrain the collection of the judgment recovered against Lane, provided that, " if Lane should abide the decision which should be made on the bill, and pay all sums of money, damages and costs, that should be adjudged against him if the injunction should be dissolved, then the bond to be void." The injunction was dissolved, and the bill dismissed, and Lane was decreed to pay the costs in the chancery suit. The breaches of the bond stated in the petition are, that Lane did not pay the amount of the judgment at law, and that he has not paid to the plaintiff the costs in the chancery suit. The answer denied the liability of the defendants for either of the breaches, and was equivalent to a demurrer. The parties proceeded to a trial, and a verdict was rendered for defendants, the court refusing to decide that the defendants were liable.

1. It is clear that, within the terms of the condition of this bond, the amount of the judgment at law was not *adjudged against Lane* upon the dissolution of the injunction, and therefore, the securities were not bound for its payment. It is equally clear, that the defendant in the chancery suit, who is the plaintiff here, was not entitled to receive the costs of that suit, due to the officers of the court, unless he had previously paid them to the officers, and there is no allegation that he had paid them, therefore he was not entitled to recover from the defendants upon this breach of the condition. The judgment is, with the concurrence of the other Judges, affirmed.