## B. F. AVERY & SONS V. D. J. STEWART.

(Case No. 1430-4510.)

1. INJUNCTION—JUDGMENT.— The power exercised by district courts, before the adoption of the Revised Statutes, of rendering a decree against the principal and his sureties on an injunction bond, for the amount of the judgment enjoined on a mere motion to dissolve the injunction, did not result from the general equity power possessed by such courts, sitting as courts of chancery, but was derived from the one hundred and fifty-fifth section of the act of May 13, 1846 (1 Pasch. Dig., art. 3936).

2. SAME.—That section being in part repealed by the Revised Statutes, the power possessed by district courts by virtue of the repealed portion of that act, to render such decree on dissolving an injunction, was taken away; following R. R. Co. v. White, 57 Tex., 130.

3. SAME.— One seeking damages to the amount of an injunction bond can bring an original action on the bond, or, in the pending suit wherein it was given, plead in reconvention, setting up the grounds of his claim for damages.

APPEAL from Parker.    Tried below before the Hon. A. J. Hood.

*Jasper N. Haney*, for appellants.

No briefs on file for appellee.

WEST, ASSOCIATE JUSTICE.— The changes made by the adoption of the Revised Statutes in the different acts that were previously in force, on the subject of injunctions, was considered by the court in the case of the Tex. & N. O. R. R. Co. v. White, 57 Tex., 130.

It was there held, that, since the enactment of the Revised Statutes, the judgments or decrees that under the former laws could be rendered against the principal and sureties on the injunction bond, for the amount of the judgment enjoined, on a mere motion to dissolve the injunction, could not under the present law be entered where the injunction was dissolved on motion alone.

The reason assigned is that such judgments were not rendered by the district courts in the exercise of the general equity powers possessed by such courts sitting as courts of chancery, but solely by virtue of the statutory power conferred by the provisions of the one hundred and fifty-fifth section of the act of 13th May, 1846 (Hart. Dig., arts. 1602 and 1603; 1 Pasch. Dig., art. 3936).

That section being in part repealed by the Revised Statutes, the power that the district court formerly had, by virtue of the repealed portion of that act, to render such decree on dissolving the injunction, was taken away.

In the same case it was held that, under the statutory regulations

now in force concerning injunctions (R. S., p. 415, title LI), the party seeking to enforce the payment of damages to the amount of the bond could bring an original action on the bond, or could in the pending suit attain the same object by pleading over in reconvention, and setting forth in appropriate terms the facts on which his claim for such judgment was based.

In that case (57 Tex., 130) there were no pleadings in reconvention asking for judgment against the parties to the injunction bond.

In the present case before us there were pleadings, under which the appellant sought in reconvention to recover the amount of the moneyed judgment enjoined and also ten per cent. damages against the appellee and his sureties on the injunction bond.

These matters were all submitted to the court without a jury on the final trial of the case.

Under the evidence the court dissolved the injunction at the costs of appellee, but declined to enter any judgment against the principal and sureties on the injunction bond for the amount of the judgment that was enjoined, or the ten per cent. damages that were claimed.

The refusal of the court to render such judgment is the material error complained of.

The case has been carefully examined and considered, and upon the whole we are not prepared to say that there was such error in the conclusions arrived at by the court as to require a reversal of the judgment. On the contrary, the conclusions reached appear to be not unwarranted by the evidence, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered October 12, 1883.]