[Civil No. 845.  Filed March 30, 1905.]

[80 Pac. 326.]

UNITED STATES OF AMERICA, Plaintiff and Appellant,
 v. WILLIAM K. MEADE et al., Defendants and Ap-
 pellees.

1. BONDS—JUDGMENT AGAINST PRINCIPAL—IN SUIT WHERE SURETIES NOT
 PARTIES — PLEADING — BREACH — SUFFICIENCY. — Where suit was
 brought against sureties on the official bond of a United States
 marshal, an allegation that a judgment was recovered against the
 principal was insufficient to show a breach of the bond, the recovery
 of the judgment not being the breach, but only the evidence thereof.

2. SAME—BREACH—PLEADING—COMPLAINT—SUFFICIENCY.—Where an ac-
 tion was brought against the sureties on the bond of a United
 States marshal, an allegation that during the life of the bond there
 was a sum of money in the principal's hands, the same being
 the balance which had come into his hands by reason of advances
 and payments made to him by plaintiff from time to time as
 marshal, and that he afterwards refused to pay over the same
 is insufficient to show a breach of the bond, because not
 alleging that the money was improperly retained.

APPEAL from a judgment of the District Court of the
First Judicial District.  George R. Davis, Judge.  Reversed.

On rehearing.  For former opinion, see 8 Ariz. 367, 76
Pac. 467.

Frederick S. Nave, United States Attorney, and John H.
Campbell, Assistant United States Attorney, for Appellant.

Ben Goodrich, for Appellees.

For briefs, see 8 Ariz. 367.

SLOAN, J.—The rehearing was granted in this case upon
the showing made by the government that the treasury tran-
script offered in evidence, and rejected by the trial court,
evidences that Meade, during the life of the bond sued upon,
was improperly and contrary to law allowed certain items
upon his accounts as marshal which appear therein, and that
the sum of these items is the amount sought to be recovered in

IX Ariz.—14

this action, and to afford the counsel for the government a fuller opportunity of arguing the admissibility of the transcript as proper evidence to show a breach of the bond under the pleadings. While we are now satisfied that the transcript does, as contended by counsel for the government, show such items, and does with sufficient certainty indicate that these were allowed during the life of the bond, yet, upon further consideration, we still adhere to the conclusion heretofore expressed by the chief justice in the opinion of the court— that under the pleadings the evidence was properly excluded. In substance, the complaint charges that Meade was United States marshal, and, as such, executed, with his co-defendants as sureties, the bond sued upon; that on May 28, 1890, a balance of five hundred and seventy-two dollars was held by Meade, as marshal, which had come into his hands by reason of advances and payments made him by the government; that on said date the said Meade brought suit in the court of claims against the government, and that in this suit the United States obtained judgment upon the counterclaim filed by it against him in the sum of $2,470.32; that, of the amount thus found due the government by the court of claims, the sum of five hundred and seventy-two dollars represented advances made to the marshal during the period covered by the bond; and that Meade has not paid the government the said sum, or any part thereof, although requested so to do. The action was dismissed as to Meade, and continued as to the sureties. The sureties were not parties to the judgment rendered against Meade in the court of claims, and hence are not bound by it, nor can an action thereon be maintained against them. The judgment, under the authority of *Moses* v. *United States,* 166 U. S. 571, 17 Sup. Ct. 682, 41 L. Ed. 1119, in an action against the sureties, is admissible in evidence to establish a breach of the bond. The fact that a judgment against Meade was rendered is not the breach, but is only evidence thereof. To plead the judgment is not to plead the breach of the bond, but only the evidence by which it is to be established. A cause of action against the sureties is not stated, therefore, unless a breach of the bond is set forth in proper averments, independent of those having reference to the judgment. If all reference to the judgment be eliminated from the complaint, there remains, in addition to the recital of the

bond sued upon, and a statement of Meade's official position, the allegation that Meade failed to keep and perform the conditions of the bond, to the injury of the government, in that, within the life of the bond, "there was in the hands of the said William K. Meade a large sum of money, to wit: the sum of five hundred and seventy-two dollars, the same being the balance which had come into his hands by reason of advances and payments made to him by plaintiff from time to time as marshal aforesaid; . . . and that he, the said Meade, did not nor would then or afterwards in any manner pay to or for the United States the balance of moneys aforesaid, or any part thereof, although he was then and there requested to pay the same. By reason of which premises the said writing obligatory became forfeited." The complaint does not show a breach of the bond, the condition of which is that Meade "shall faithfully perform all the duties of said office of marshal." It is not averred that Meade failed in the performance of any duty of his office, nor is any fact of like import pleaded. To charge the marshal with the retention of money received from the government, though it be termed a "balance," is not to charge a breach of the bond, as he may have had a right to retain it for services rendered or for money paid out and expended under warrant of law. To charge a breach in this behalf, and hence to state a cause of action, it should be made to appear by proper averments that the marshal retained this money improperly and in violation of law.

The absence from the complaint of any averments showing a breach of the bond is fatal to its sufficiency, for, without such averments, no cause of action against the sureties is alleged. The exclusion, therefore, of the evidence, even if otherwise relevant, was not error, and the judgment must be affirmed.

KENT, C. J., and DOAN, J., concur.