[Civil No. 976.   Filed March 22, 1907.]

[89 Pac. 544.]

L. BONEBRAKE, Plaintiff and Appellant, v. R. S. HUNT,
Sheriff of Cochise County, and NATIONAL SURETY
COMPANY, Defendants and Appellees.

1. SHERIFF—BOND—FALSE IMPRISONMENT—COMPLAINT—SUFFICIENCY.—
A complaint for recovery on a sheriff's bond for false imprisonment
on plaintiff's arrest by the sheriff's deputy, though it negatives the
conditions upon which a lawful arrest could have been made with-
out a warrant, is insufficient where it does not allege that he was
arrested without a warrant, nor on general terms charge that the
arrest was unlawful.

APPEAL from a judgment of the District Court of the
First Judicial District, in and for the County of Cochise.
Fletcher M. Doan, Judge.   Affirmed.

The necessary facts are stated in the opinion.

A. Y. Wright, and W. S. Bartlett, for Appellant.

NAVE, J.—R. S. Hunt, one of the appellees, was during
all of the time mentioned in the complaint in this case sheriff
of Cochise county.   The National Surety Company, the other
appellee, is surety upon Hunt's official bond as such sheriff.
One Davis was Hunt's deputy.   The appellant seeks in this
action to recover damages from the sheriff and the surety
upon his official bond by reason of an arrest of appellant by
Deputy Sheriff Davis.   A general demurrer to the complaint
was sustained.   Plaintiff having declined to amend, judg-
ment was rendered, and plaintiff has appealed.
. The argument of appellant is directed exclusively to es-
tablish that the sheriff and the sureties upon his official bond
are liable in damages for a false imprisonment made under
color of his office by the sheriff's deputy.   An examination
of the complaint discloses that it is unnecessary to consider
this interesting question.   It is not averred that the deputy
unlawfully arrested the plaintiff.   It is charged "that said
arrest and imprisonment was unlawful, as plaintiff at the
time of said arrest and imprisonment was duly sober, and was
neither committing, nor attempting to commit, any crime or

public offense; that said arrest was made in the night-time; that no felony had been committed by plaintiff; that no charge had been made, or was made, either by said deputy sheriff, or to him by any person, that said plaintiff had committed a felony, nor was there any cause to believe that this plaintiff had committed a felony or any public offense.'' Plaintiff has negatived certain conditions which characterize lawful arrests. The matters he has enumerated have to do with the authority of peace officers to make arrests without warrant. But it is nowhere alleged that this arrest was made without warrant, nor even in general terms that it was unlawful. Every allegation in the complaint may be true, yet the plaintiff may lawfully have been arrested by the deputy pursuant to a warrant. By reason of these facts it does not appear from the complaint that the deputy sheriff committed a breach of duty. Wherefore unquestionably there is not charged a breach of the conditions of the sheriff's official bond.

The judgment of the district court is affirmed.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.