[Civil No. 989.   Filed March 25, 1907.]

[90 Pac. 324.]

MARTIN BUGGELN et al., Plaintiffs and Appellants, v. MILES J. CAMERON et al., Defendants and Appellees.

1. INJUNCTION BONDS — LIABILITIES — INDEPENDENT ACTION.— Defendants in injunction suits may maintain an independent action for damages on the injunction bond if it is so conditioned as to permit it.

2. SAME — ACTIONS ON BOND — CONDITIONS PRECEDENT — REV. STATS. ARIZ. 1901, PAR. 2751, CONSTRUED.—Paragraph 2751 provides that before issuance of an injunction the complainant shall file with the clerk a bond to the adverse party, conditioned that complainant will abide the decision that may be made therein; and that he will pay all sums of money and costs that may be adjudged against him, if the court finally decides that the plaintiff was not entitled thereto. *Held,* that in an independent action upon an injunction bond conditioned specifically as required by the statutes, *supra,* without any additional conditions, a complaint which fails to allege that the principal on a bond had failed to abide the decision, or that any sum

of money was adjudged against him, fails to state a cause of action, since it fails to show a breach of the conditions of the bond.

3. STATUTES — CONSTRUCTION — INCONVENIENCE — IMMATERIAL. — The fact that a certain construction of a statute will cause much inconvenience cannot be allowed to affect the judicial determination of a case involving such construction.

4. INJUNCTIONS — PRELIMINARY BONDS — ADDITIONAL CONDITIONS.— Courts may, under their general equity powers, impose conditions upon which injunctions may be issued, requiring applicants for injunctions to give bonds so conditioned, in addition to conditions required by statute, that actions at law to recover damages sustained by reason of the injunction may be maintained upon them.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Coconino. R. E. Sloan, Judge. Reversed and remanded.

The facts are stated in the opinion.

T. J. Norton, Paul Burks, and U. T. Clotfelter, for Appellants.

For the first time there is presented to the supreme court of Arizona this important question of practice: Can an action for damages occasioned by the issuance and dissolution of an injunction be maintained against the principal and sureties in an injunction bond unless such damages have been adjudged against them in the injunction suit? The complaint did not allege either that Buggeln had failed to pay any sum of money *adjudged* against him, or that any sum of money *had been so adjudged,* upon the dissolution of the injunction; hence the demurrers of appellants should have been sustained. See Rev. Stats. 1901, par. 2751. The construction placed upon the bond by the trial court, wherein he overruled the demurrers on the ground that the statute had been adopted from Texas with a construction to the contrary, laid down in *Texas etc. Ry. Co.* v. *White,* 57 Tex. 129, *Avery* v. *Stewart,* 60 Tex. 154, and *Sharp* v. *Schmidt,* 62 Tex. 263, was not well founded; as the Arizona courts are not bound by the Texas construction, whatever it was (appellant contends that these cases in fact practically uphold his contentions), for the rule that a statute is adopted with the construction given it is not an absolute one. *Whitney* v. *Fox,* 166 U. S. 637, 17 Sup. Ct. 713, 41 L. Ed. 1145; *Oleson* v. *Wilson,* 20 Mont. 544, 63 Am. St. Rep. 639, 52 Pac. 372; *Morgan* v. *State,* 51 Neb. 672,

71 N. W. 788; *Coad* v. *Cowhick,* 9 Wyo. 316, 87 Am. St. Rep. 953, 63 Pac. 584; *State* v. *Mortensen,* 26 Utah, 312, 73 Pac. 562, 633; *State* v. *Campbell,* 73 Kan. 688, 85 Pac. 784 (789), 9 L. R. A., N. S., 533.

An exhaustive examination of the injunction bond statutes of the various states and the decisions construing them warrants the assertion that our construction of the Arizona statute is the only one supported alike by principle, reason and authority. *Brownfield* v. *Brownfield,* 58 Ill. 152; *Tarpey* v. *Shillenberger,* 10 Cal. 391; *Hathaway* v. *Davis,* 33 Cal. 161; *Davis* v. *Gully,* 2 Dev. & B. (19 N. C.) 360; *Dunn* v. *Davis,* 37 Ala. 95; *Offterdinger* v. *Ford,* 92 Va. 636, 24 S. E. 246 (247); *Halsey* v. *Murray,* 112 Ala. 185, 20 South. 575 (582); *Bein* v. *Heath,* 12 How. 168, 13 L. Ed. 939. To the same effect, and on construing obligations to pay damages or sums of money "awarded" or "recovered," see *Blakeny* v. *Ferguson,* 18 Ark. 347; *Sterling City etc. Co.* v. *Cock,* 2 Colo. 24; *Sledge* v. *Lee,* 19 Ga. 411; *Russell* v. *Rogers,* 56 Ill. 176; *Ashby* v. *Chambers,* 3 Dana (Ky.), 437; *Ferguson* v. *Tipton,* 1 B. Mon. (Ky.) 28; *Parham* v. *Cobb,* 7 La. Ann. 157; *Holcomb* v. *Foxworth,* 34 Miss. 265; *Kennedy* v. *Hammond,* 16 Mo. 341; *Corder* v. *Martin,* 17 Mo. 41; *Nolan* v. *Johns,* 27 Mo. App. 502; *McLuckie* v. *Williams,* 68 Md. 262, 12 Atl. 1; *Roberts* v. *Dust,* 4 Ohio St. 503.

The supreme court of the United States has construed language of an injunction bond in substance identical with that here sued upon to mean that at the time of the dissolution of the injunction damages must have been adjudged or awarded, and the obligors must have refused to pay them, else there can be no recovery in an action on a bond. See *Bein* v. *Heath,* 12 How. 168, 13 L. Ed. 939. This construction is binding on the courts of Arizona, for they are bound by the construction of words, phrases or statutes given them by the supreme court of the United States. *Greer* v. *Richards,* 3 Ariz. 227, 32 Pac. 266; *Lindeberg* v. *Howard,* 146 Fed. 467, 77 C. C. A. 23. Under the decision in *Russell* v. *Farley,* 15 Otto, 433, 105 U. S. 433, 26 L. Ed. 1060, the federal courts have ever since determined the amount defendants in an injunction suit were entitled to recover of the obligors named in the injunction bond in the suit in which the injunction was issued and at the time of its dissolution. *Deakin* v. *Stanton,* 3 Fed. 435; *Lea* v. *Deakin,* 13 Fed. 514, 11 Biss. 40; *Coosaw Min. Co.* v. *Farmers' Min. Co.,* 51 Fed. 107; *Lehman*

v. *McQuown,* 31 Fed. 138; *Coosaw Min. Co.* v. *Carolina Min. Co.,* 75 Fed. 860 (867); *Tyler Min. Co.* v. *Last Chance Min. Co.,* 90 Fed. 15 (22), 32 C. C. A. 498; *Kirker* v. *Owings,* 98 Fed. 499 (508-510), 39 C. C. A. 132; *West* v. *East Coast Cedar Co.,* 110 Fed. 727; *West* v. *East Coast Cedar Co.,* 113 Fed. 742, 51 C. C. A. 416; *Baer* v. *Fidelity & D. Co. of Md.,* 130 Fed. 95, 64 C. C. A. 428.

Henry J. Stevens, and E. M. Doe, for Appellees.

Section 2131, Revised Statutes of 1901, is without question taken from article 2881, Revised Statutes of Texas of 1879, they being practically identical in language. The Texas courts have held that the defendant in an injunction suit could rightfully prosecute a separate action to have the question of damages and their amount adjudicated. "His right, independent of the statute to bring an action on the bond, is secured in general principles of law; and though a special provision is made for the assertion of his claims under the bond, yet that does not operate as a preclusion of his general right, the statute containing no terms of prohibition, either expressly or by implication." *Hammonds* v. *Belcher,* 10 Tex. 271; *Carlin* v. *Hudson,* 12 Tex. 203, 62 Am. Dec. 521. This rule, definitely and clearly established by the decision, was subsequently, and after the adoption of the statute which Arizona borrowed, announced and approved in the cases of *Avery & Sons* v. *Stewart,* 60 Tex. 154, and *Texas & N. O. R. R. Co.* v. *White,* 57 Tex. 130. Upon the general proposition that this court shall be bound by the decisions of the Texas court, if it be true, as we contend, that this question had been decided by the latter court prior to the adoption of the statute in question, we call attention to the following: Sutherland on Statutory Construction, 2d ed., sec. 404; *Henrietta Mining & Milling Co.* v. *Gardner,* 173 U. S. 123-130, 19 Sup. Ct. 327, 43 L. Ed. 637; *James* v. *Appel,* 192 U. S. 134, 24 Sup. Ct. 222, 48 L. Ed. 377; *Anderson* v. *Territory,* 9 Ariz. 50, 76 Pac. 636. But we are not compelled to rely upon the authority of the Texas cases, for the rule for which we contend has been adopted by the courts of other states and has been approved also by the supreme court of the United States. *Meyers* v. *Block,* 120 U. S. 206, 7 Sup. Ct. 525, 30 L. Ed. 642; *Elliott* v. *Missouri K. & T. Ry.,* 77 Mo. App. 652; *Hibbard* v. *McKindley,* 28 Ill. 242; *Brown* v. *Gorton,* 31 Ill. 417; *Edwards* v. *Edwards,* 31 Ill.

474; *Block* v. *Myers*, 35 La. Ann. 220; *Aiken* v. *Leathers*, 40 La. Ann. 23, 3 South. 358; *Fountain* v. *West*, 68 Iowa, 380, 27 N. W. 264; *Rankin* v. *Estes*, 13 Bush (76 Ky.), 429; *Logsden* v. *Willis*, 14 Bush (77 Ky.), 183; *Claytor* v. *Anthony*, 15 Gratt. (Va.) 519; *Underhill* v. *Spencer*, 25 Kan. 71 (opinion by Judge Brewer); *Union Wharf Co.* v. *Mussey*, 48 Me. 307; 2 High on Injunctions, secs. 1657, 1658, 1670.

CAMPBELL, J.—Appellant Martin Buggeln was plaintiff in an action seeking to restrain appellees herein from collecting toll upon the Bright Angel toll road. An injunction was issued, and in pursuance of an order of the court a bond upon the injunction was given by the appellant Buggeln, as principal, with the appellants T. A. Riordan and M. J. Riordan, as sureties. Upon the final hearing of the case the injunction was dissolved and the petition dismissed. Thereafter the appellees herein brought this action upon the injunction bond to recover damages claimed to have been sustained by them by reason of the injunction. The complaint contains no allegation that Buggeln has failed to abide the decision in the injunction suit, or that any sum of money was adjudged against him in that or any other proceeding. Appellants entered a general demurrer to the complaint, which was overruled. A trial of the action resulted in a judgment for the appellees for $2,000, whereupon the case was brought here upon appeal.

Appellants' assignment of error that the court erred in overruling their demurrer to the complaint presents the principal question in the case. The first contention of appellants is that such damages as result from the issuance of an injunction should, under the practice, principles, and procedure of equity, be assessed and awarded in the injunction suit, and that an independent action will not lie upon an injunction bond to recover such damages. This broad contention is not sustained by authority. In the case of *Bein* v. *Heath*, 12 How. (U. S.) 168, 13 L. Ed. 939, it was held that, independent of the statute, the court cannot, when it dissolves an injunction, give judgment at the same time against the obligors in the injunction bond; that it merely orders a dissolution, leaving the obligee to proceed at law against the sureties in the bond, if he sustains damage from the delay occasioned by the injunction. The holding in this case was criticised and virtually disapproved in *Russell* v. *Farley*, 105

U. S. 433, 26 L. Ed. 1060, in which it and other cases were reviewed, and the court said: "But upon a careful examination we are not satisfied that they furnish any good authority for disaffirming the power of the court having possession of the case, in the absence of any statute to the contrary, to have the damages assessed under its own direction. This is the ordinary course in the court of chancery in England, by whose practice the courts of the United States are governed, and seems to be in accordance with sound principle. The imposition of terms and conditions upon the parties before the court is an incident to its jurisdiction over the case; and, having possession of the principal case, it is fitting that it should have power to dispose of the incidents arising therein, and thus do complete justice, and put an end to further litigation. We are inclined to think that the court has this power, and that it is an inherent power, which does not depend on any provision in the bond that the parties shall abide by such order as the court may make as to damages (which is the usual formula in England), nor on the existence of an express law or rule of court (as adopted in some of the states) that the damages may be ascertained by reference or otherwise, as the court may direct; this being a mere appendage to the principal provision requiring a bond to be taken, and not conferring the power to take one, or to deal with it after it has been taken. But whilst the court may have (we do not now undertake to decide that it has) the power to assess the damages, yet if it has that power, it is in its discretion to exercise it, or to leave the parties to an action at law. No doubt in many cases the latter course would be the more suitable and convenient one." Since the case of *Russell* v. *Farley* it has been quite customary in the courts of the United States to assess the damages upon proper pleadings and notice to the sureties in the equity suit, and we have no doubt of the power of the courts of this territory to so assess damages. Upon the other hand, the supreme court of the United States has since, in at least two cases, recognized the rights of defendants in injunction suits to maintain independent actions on the bonds. *Meyers* v. *Block,* 120 U. S. 206, 7 Sup. Ct. 525, 30 L. Ed. 642; *Tullock* v. *Mulvane,* 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657. And there is no difficulty in perceiving that, where the bond is so conditioned as to permit, such actions may be maintained in this territory.

This brings us to another contention of appellants, which is more difficult of determination. Paragraph 2751, Revised Statutes of 1901, provides: "Upon the filing of the complaint or affidavit and order of the judge hereinbefore provided for in the district court and before the issuance of the writ of injunction the complainant shall execute and file with the clerk a bond to the adverse party with two or more good and sufficient sureties, to be approved by such clerk in such sum as may be fixed in the order of the judge granting the writ, conditioned that the complainant will abide the decision that may be made therein, and that he will pay all sums of money and costs that may be adjudged against him, if the court finally decide that the plaintiff was not entitled thereto. The form of said bond shall be joint and several. If the territory be the plaintiff no bond shall be required." The recital and condition of the bond sued upon here is that: "Whereas, in the above-entitled action an order was issued granting a writ of injunction upon the filing of a bond restraining said defendants, and each of them, from the commission of certain acts in accordance with the prayer of the complaint, now, therefore, in consideration of the premises and of the granting of said injunction, we, the undersigned, do jointly and severally undertake in said sum that the plaintiff will abide the decision which may be made in the above-entitled cause, and that he will pay all sums of money and costs that may be adjudged against him if the court finally decides that the plaintiff was not entitled to said injunction." It is insisted by appellants that even though, under the general principles governing recoveries on injunction bonds, independent actions may be maintained upon them, such an action will not lie upon a bond conditioned as is the one in this case without an award of costs or damages being alleged. The usual conditions of such bonds are to pay all damages that defendants may sustain by reason of the injunction. Such was the condition prescribed by the statutes of this territory prior to 1887. Comp. Laws 1877, par. 2751. When so conditioned there is no difficulty in alleging a breach; but here, construing the terms of the bond strictly, there would seem to be no breach on the part of the sureties until the principal "fails to abide the decision," or until he fails to pay some sum of money or costs "adjudged" against him.

Paragraph 2751, quoted above, was adopted from Texas in 1887. It is claimed by appellees that the supreme court

of that state had, prior to our adoption of the statute, in the cases of *Hammonds* v. *Belcher,* 10 Tex. 271, *Texas & New Orleans R. R. Co.* v. *White,* 57 Tex. 130, and *Avery* v. *Stewart,* 60 Tex. 154, held that upon an injunction bond given under it the obligee might have the damages sustained assessed in the injunction suit, or might bring an original action upon the bond. *Hammonds* v. *Belcher* was decided in 1853. The statutes in force at that time were as follows: "No injunction writ shall be issued in any case until the complainant executes a bond to the adverse party with good and sufficient security in such sum as the judge granting the same shall deem sufficient to secure the amount or matter to be enjoined and all damages and costs that may be occasioned by such injunction, conditioned that the complainant will abide the decision which may be made therein, and that he will pay all sums of money and costs that may be adjudged against him, if the injunction be dissolved, either in whole or in part. The amount of such bond required shall be stated by the judge in his order granting the injunction and the bond shall be taken and the security approved by the clerk issuing the injunction, who shall file said bond with the petition." Paschal's Digest, art. 3933. "Upon the dissolution of an injunction, either in whole or part, on final hearing, where the collection of money has been enjoined, if the court be satisfied that the injunction was obtained only for delay, damages thereon may be assessed by the court, at ten per cent on the amount released by the dissolution of the injunction, exclusive of costs; and in all other cases the damages shall be assessed by a jury sworn for that purpose; if neither party require a jury the damages may be assessed by the court." Paschal's Digest, art. 3935. It will be observed that our statute does not contain the words of the Texas statute, "in such sum as the judge granting the same shall deem sufficient to secure the amount or matter to be enjoined, and all damages and costs that may be occasioned by such injunction," and that we did not adopt any part of article 3935, Paschal's Digest. The opinion does not disclose the terms of the order requiring the bond, or the recitals or condition of the bond. It cites the statutory provisions quoted above, and says: "The statute evidently contemplates that the assessment of damages may be simultaneous with the dissolution of the injunction, and, when they are to be assessed by the court for the want of probable cause, there

is no doubt judgment for them should be immediately rendered. The amount is fixed by law, and the court has only to declare the sentence of the law in form. But when the injunction has operated on other matters than the collection of money, questions of difficulty as to the damages occasioned by the injunction may arise; and as the statute has not positively required them to be tried with the main action on penalty of being excluded from subsequent cognizance, we are of opinion that the defendant could rightfully prosecute a separate action to have the question of damages and their amount adjudicated. The issue as to the amount and legal grounds for damages is distinct from, though connected with, the main action, and it might be inconvenient to the defendant, and perplexing, perhaps, to both parties, to controvert the issue as to damages at the time of the trial of the principal matter in litigation. His right, independent of the statute to bring an action on the bond, is secured in general principles of law; and though a special provision is made for the assertion of his claim under the bond, yet that does not operate as a preclusion of his general right, the statute containing no terms of prohibition, either expressly or by implication.'' The point urged here is not discussed. The court may well have construed the bond in connection with the provisions of the statute then in force in reaching its conclusion, as the supreme court of the United States in *Meyers* v. *Block, supra,* construed the condition of the bond before it in the light of the order requiring it. In our opinion, the statute construed is materially different from that adopted by this territory. Therefore we are not bound by the construction given by the Texas statute. *Copper Queen Min. Co.* v. *Territorial Board of Equal.,* 9 Ariz. 383, 84 Pac. 511.

In the revision of the statutes of Texas in 1879, article 3933, Paschal's Digest, was made to read as does paragraph 2571 of our statutes, and, as so revised, was in force when the cases of *Texas & New Orleans R. R. Co.* v. *White, supra,* and *Avery* v. *Stewart, supra,* were decided. Therefore, we must examine those cases to determine whether the statute adopted by us was construed in accordance with the contention of appellees prior to the time we adopted it. *Avery* v. *Stewart* was a suit to enjoin the collection of a judgment. The defendant, upon the dissolution of the injunction, sought to have judgment against the sureties on the bond for the

amount of the judgment enjoined and for ten per cent damages allowable under the Texas statute heretofore quoted. The trial court refused the judgment, and the supreme court, after an examination and consideration of the evidence, held that no error was committed. In the course of the opinion the court referred to the case of *Texas & New Orleans R. R. Co.* v. *White,* and pointed out that it was there held that the trial court could not, under the statutes as they then existed, enter judgment against the sureties for the amount of the judgment enjoined, and said: "In the same case it was held that, under the statutory regulations now in force concerning injunctions, the party seeking to enforce payment of damages to the amount of the bond could bring an original action on the bond, or could in the pending suit attain the same object by pleading over in reconvention and setting forth in appropriate terms the facts on which his claim for such judgment was based." An examination of the case of *Texas & New Orleans R. R. Co.* v. *White,* referred to in *Avery* v. *Stewart,* discloses that it too was brought to restrain the collection of a judgment. Judgment was given upon the dissolution of the injunction against the sureties for the full amount of the judgment enjoined and for ten per cent damages. The court say: "The second assignment of error is 'the court erred in rendering judgment against the plaintiff and the sureties on the injunction bond for the amount enjoined.' The judgment seems to have been rendered for the sum due upon the original judgment on the third day of June, 1879, and the propriety of rendering that judgment is the only question necessary to be considered." The court reviewed the legislation bearing upon the question, and held that, under the statutes then in force, a judgment against the sureties for the amount of the judgment enjoined was unwarranted. In confirming the power of the equity court to give the damages sustained by reason of the injunction, section 1557 of Mr. High's work on Injunctions is quoted. The substance of that section is that in the absence of legislative authority a court of equity will not, upon the dissolution of an injunction, enforce the payment of damages, but will remit the parties aggrieved to their action upon the bond, relying practically upon the case of *Bein* v. *Heath, supra.* If the language quoted from *Avery* v. *Stewart* is to be interpreted to mean that the White case held that an orig-

inal suit might be maintained upon an injunction bond con-
ditioned as required by the Texas statute, we are unable to
perceive any foundation for such holding. There was noth-
ing in either of these cases that required such holding. In
both of them the judgments appealed from were rendered
in injunction suits. In neither of the cases was the point
urged here even remotely referred to. For the foregoing
reasons we do not feel impelled to hold that this territory
adopted the statute with the construction contended for by
appellees.

It is insisted by appellees that, regardless of the construc-
tion given the statute by the supreme court of Texas, we
should construe the statute in accordance with their conten-
tion, and cite the case of *Meyers* v. *Block,* 120 U. S. 206, 7
Sup. Ct. 525, 30 L. Ed. 642. That case went to the supreme
court of the United States from the state of Louisiana. The
bond sued upon was given upon an injunction issued in a
bankruptcy suit in a United States bankruptcy court. The
order for the injunction directed a bond conditioned "to
save the parties harmless from the effects of the injunction
in this cause." The bond given was conditioned to "well
and truly pay to . . . the defendant in said injunction all
such damage as he may recover against us in case it should
be decided that said writ of injunction was wrongfully is-
sued." The court construed the condition of the bond in the
light of the order requiring it, and say that "the parties
signing the bond must be presumed to have been cognizant
of the order under which it was given," and in effect held the
plain meaning of the condition to be to pay all damages
which the defendant might sustain by reason of the injunc-
tion. It is readily apparent that the facts of that case, and
the principles which controlled it, are widely different from
the case at bar. Here the bond is conditioned in the lan-
guage of the statute and of the order requiring it, and we
may look to it alone to determine the contract into which
the sureties entered.

Injunction bonds conditioned similarly to the one at bar
have been before the courts of various states in numerous
cases where recovery of damages was sought without an award
previously made. We believe that practically all of them
may be placed in two classes: (1) Where the statute or the
order under which the bond is given requires a bond condi-
tioned to pay damages sustained, the condition of the bond,

however worded, will be read in the light of the statute
or order, and the sureties held to have contracted as the
statute or order requires. The leading case of this class is
*Meyers* v. *Block*, from which we have quoted. (2) Where
the statute or order does not require a bond or order so con-
ditioned, the sureties are entitled to stand upon the terms
of the bond, and recovery may not be had upon it until award
has been made. The reasoning of this class of cases is ap-
parent, and is expressed in the early case of *Ashby* v. *Cham-
bers*, 3 Dana (Ky.), 437: "The only question which we deem
essential to consider is, . . . does the declaration contain any
averments of breaches sufficient to entitle the plaintiff to his
action? We think it does not. The undertaking of the
surety is in the alternative—if his principal 'shall prosecute
with effect, or on failure thereof shall well and truly pay such
costs and damages as shall be awarded against them.' Ac-
cording to any fair construction of the terms of the condition,
an award of damages, where damages alone are sought to be
recovered, seems necessarily to precede a breach of the condi-
tion on the part of the surety. He is not in default for
failing to pay damages, when damages have not been awarded.
For it is only the damages which may be awarded that he has
undertaken to pay in default of his principal, and not any
other damages. Until damages have been awarded, there is
no obligation to pay, and without an averment that damages
have been awarded, there is no breach of the condition of his
bond. His liability is made to depend, by the express terms
of his covenant, upon the happening of this precedent con-
tingency—the award of damages against his principal—and
cannot, without doing violence to its clear and unequivocal
import, be made to precede it. We therefore cannot say that
he was in default and liable to an action for failing to pay
damages awarded when no damages have been awarded. We
are aware that this court has gone great lengths in giving
efficacy to injunction and appeal bonds by constructions.
But we know of no case where they have rendered the surety
liable by construction, against the expressed terms of his
covenant. When the language of the covenant is doubtful,
the court may, by construction, give such interpretation to
its terms as will carry into effect the intention of the parties
in the undertaking. But they cannot make a contract for the
parties, or substitute terms that are not used, or disregard
the clear and unambiguous terms that are used." Similar

reasoning is applied in *Tarpey* v. *Shillenberger,* 10 Cal. 391;
*Hathaway* v. *Davis,* 33 Cal. 161; *Davis* v. *Gully,* 19 N. C. 360;
*McLuckie* v. *Williams,* 68 Md. 262, 12 Atl. 1; *Sledge* v. *Lee,*
19 Ga. 411; *Anderson* v. *Falconer,* 34 Miss. 257; *Sterling City
etc. Co.* v. *Cock,* 2 Colo. 24; *Kennedy* v. *Hammond,* 16 Mo.
341; *Corder* v. *Martin,* 17 Mo. 41; *Russell* v. *Rogers,* 56 Ill.
176; *Brownfield* v. *Brownfield,* 58 Ill. 152; *Dunn* v. *Davis,*
37 Ala. 95; *Halsey* v. *Murray,* 112 Ala. 185, 20 South. 575;
*Offterdinger* v. *Ford,* 92 Va. 636, 24 S. E. 246. See, also, 2
High on Injunctions, 1640. We are of opinion that both
upon principle and authority it must be held that the com-
plaint fails to show any breach of the condition of the bond,
and therefore fails to state a cause of action. *United States*
v. *Meade,* 9 Ariz. 209, 80 Pac. 326; *Bonebrake* v. *Hunt, ante,*
p. 98, 89 Pac. 544.

It is urged upon us that the construction of the statute
which we are compelled to adopt will cause much incon-
venience in requiring obligees in injunction bonds to litigate
the question of damages in the injunction suits, and at times
when the parties are not prepared to present evidence con-
cerning the extent of the damages sustained. If such incon-
venience results, we must leave it to the legislature to remedy
the situation; but we see no reason why the district courts
may not, under their general equity powers to impose condi-
tions upon which injunctions may issue, require applicants
for injunctions to give bonds so conditioned, in addition to
the conditions required by the statute, that actions at law
to recover damages sustained by reason of the injunction may
be maintained upon them. *Russell* v. *Farley,* 105 U. S. 433,
26 L. Ed. 1060.

The judgment is reversed, and the case remanded to the
district court for further proceedings in conformity with this
opinion.

KENT, C. J., and DOAN and NAVE, JJ., concur.