[Civil No. 1147.    Filed April 2, 1910.]

[108 Pac. 477.]

# J. W. SULLIVAN, Defendant and Appellant, v. ALBERT M. JONES, Plaintiff and Appellee.

1. WATERS AND WATERCOURSES—APPROPRIATION—RIGHT TO CONSTRUCT DAM.—One who had a prior appropriation of surplus and flood waters in a gulch or wash could construct a dam above a subsequent appropriator, and impound so much of the water falling above it as he required for beneficial purposes, but must maintain the dam so as to permit such water as, he does not require to pass to the lower appropriator, and so construct the dam as not to endanger the dam of the other appropriator.

2. SAME—SAME—RIGHTS OF APPROPRIATOR.—Where a prior appropriator of surplus and flood waters in a gulch had previously maintained a dam below a subsequent appropriator, which dam had been destroyed, and, at the time the subsequent appropriator had initiated his rights, was making no use of the water flowing to the lower dam, and had not reconstructed the dam at the time his action was brought to be decreed entitled to all the water in the gulch, and though, from the evidence, it could not be said that he had abandoned his rights to use the water at the lower dam, yet a further failure to use it might entail such result, the court could not practically fix a time within which he should resume its use or suffer its loss, and adjust the parties' rights growing out of the prior

appropriation of water to be impounded by his lower dam, because of the many circumstances that might arise in connection with the rebuilding and maintenance of the dam.

3. SAME—SAME—SAME.—The mere notice of appropriation of waters does not make the appropriation effectual, but the appropriator must make use of the water within a reasonable time, and will then be protected only to the extent that he makes a beneficial use thereof.

4. SAME—POLLUTION OF WATER—INJUNCTION.—An appropriator making no use of water below another appropriator's dam is not entitled to an injunction restraining the other from polluting the water by allowing sheep to go into it.

5. INJUNCTION — WRONGFUL INJUNCTION — RECOVERY BY CROSS-COMPLAINT.—Damages from the issuance of a temporary injunction cannot be recovered in the injunction suit by cross-complaint.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for Yavapai County. Richard E. Sloan, Judge. Modified and affirmed.

The facts are stated in the opinion.

Ross & O'Sullivan, for Appellant.

The findings of fact, conclusions of law and judgment and decree must be responsive to all material issues made by the pleadings, and should cover all such issues. *Shattuck* v. *Costello,* 8 Ariz. 22, 68 Pac. 529, 22 Morr. Min. Rep. 136; 8 Ency. of Pl. & Pr. 944; *Garfield* v. *Wilson,* 74 Cal. 175, 15 Pac. 620; *County of Cochise* v. *Copper Queen Co.,* 8 Ariz. 221, 71 Pac. 946. Where the court fails to make findings on all the material issues raised by the pleadings, the proper procedure is to reverse the judgment and remand the cause with directions to find upon all the material issues in the cause, or in case of inability so to find, to try the action anew. *Watson* v. *Cornell,* 52 Cal. 91.

Reese M. Ling, for Appellee.

The objections as to the sufficiency of the judgment being urged for the first time in this court, they cannot be examined. *Roy & Titcomb* v. *Flin,* 10 Ariz. 80, 85 Pac. 725; *Demund Co.* v. *Stillwell,* 8 Ariz. 1, 68 Pac. 543; *Ward* v. *Sherman,* 7 Ariz. 277, 64 Pac. 434; *Marks* v. *Newmark,* 3 Ariz. 224, 28 Pac. 960. Where a judgment is rendered upon a disputed statement of facts, this court will not disturb the judgment of the lower

court.   *Tweed* v. *Lowe,* 1 Ariz. 488, 2 Pac. 757; *Willard* v. *Carrigan,* 8 Ariz. 70, 68 Pac. 538; *Abernathy* v. *Reynolds,* 8 Ariz. 173, 71 Pac. 914; *Taggart Merc. Co.* v. *Clack,* 8 Ariz. 295, 71 Pac. 925; *Molina* v. *Luce,* 9 Ariz. 29, 76 Pac. 602; *Johnson* v. *Cummings,* 7 Ariz. 60, 60 Pac. 870.

CAMPBELL, J.—Appellee, as plaintiff below, by his complaint in this action alleged an appropriation of all of the surplus and flood water carried by what is described as a gulch or wash, having its head or source in the vicinity of Table Mountain, in Yavapai county.   He further alleges that, to impound the said surplus and flood water, he had constructed a dam across said gulch or wash, and that the defendant was constructing a dam some two miles above, which would prevent the water reaching plaintiff's dam, and in such a manner that it would be a menace to plaintiff's dam in the event of heavy rains falling above it, causing it to break, and permitting a large quantity of water suddenly to be thrown against plaintiff's dam.   An injunction was prayed for, and it was further asked that the plaintiff be decreed entitled to the water carried by the gulch or wash.   A temporary injunction was issued, restraining the defendant from constructing his dam, which injunction shortly thereafter was modified so as to permit the defendant to proceed with the construction under certain conditions.   In his answer, the defendant alleges an appropriation of the surplus and flood waters of the gulch or wash at a time prior to plaintiff's appropriation; that he had constructed a dam which, by reason of heavy floods, had been partially destroyed; and that he was engaged in reconstructing it.   By way of cross-complaint, he alleges that prior to the plaintiff's appropriation he appropriated all of the flood waters of a creek into which the gulch or wash in which plaintiff's dam is situated empties, and had constructed a dam some miles below plaintiff's dam, to impound the waters; that about three years before plaintiff built his dam defendant's lower dam was destroyed by floods, and has not yet been rebuilt, but that he has not abandoned his rights, and expects to reconstruct his said dam, and impound and use the waters.   He asks that the court decree him entitled to all of the water carried by the gulch.

As a second cause of action, by way of cross-complaint, the defendant alleges that the plaintiff waters several thousand sheep at his dam, and that the sheep are permitted to go into the water, and that they so pollute the water as to render that which flows to defendant's lower dam unfit for his use. He asks the court to decree that the act of plaintiff in permitting the pollution of the water constitutes a nuisance, and that he be enjoined from so permitting the water to be polluted.

As a third cause of action, by way of cross-complaint, he alleges that by reason of the wrongful suing out of the injunction he has been damaged in the sum of $150.

At the trial the evidence disclosed the facts relative to the plaintiff's dam and the defendant's upper dam to be substantially as above set forth. It also appears that there is no permanent flow of water in the gulch or creek in which the dams are situated; that when heavy rains come the surface water is rapidly carried from the mountains through gulches or washes, and the floods at times assume considerable proportions; that none of the dams, nor all of them together, are sufficient to impound all of the water which is likely to flow against them in flood seasons; that, when the rains are light, the lower dam of defendant, when properly repaired, will impound all the water that gathers in the gulch between it and his upper dam; and that the water impounded by the several dams is principally used for the watering of sheep and cattle.

It is apparent that appellant is entitled to maintain his upper dam and impound so much of the water falling above it as he requires for beneficial purposes. It is further apparent that he should maintain his dam in such a manner as to permit so much of the water as he does not require for his uses to pass to appellee, and to construct it with reasonable care, so as not to endanger appellee's dam. The trial court so decreed. The court, however, refused to make any findings of fact relative to the rights of the parties to the water which, without plaintiff's dam, would flow to appellant's lower dam, since appellant is not using it, and for a number of years has not made any use of the water; and refused, also, to decree any relief against the alleged nuisance. Of the court's action in these respects appellant complains.

We do not think the court erred in refusing to attempt to adjust the rights of the parties growing out of the appropria-

tion, by the appellant, of water to be impounded by his lower dam. At the time appellee initiated his rights, appellant was making no use of the water flowing to his lower dam, nor had he reconstructed his dam at the time of the trial. From the testimony in the case it cannot be said that he has abandoned his rights to use the water, but further failure to use it may entail that result. It was not practicable for the court to fix a time within which he should resume its use or suffer its loss, because of the many circumstances that may arise in connection with the rebuilding and maintenance of the dam in the mountainous country where it is situated. The mere fact that by his notice of appropriation he sought to appropriate all of the flood waters of the stream does not entitle the appellant to relief against the appellee. To make his appropriation effectual, he must make use of the water within a reasonable time. He may then be protected only to the extent that he makes a beneficial use of the water. Whenever there is water in excess of his needs, others may appropriate it.

It is somewhat speculative whether the maintenance of appellee's dam will injure appellant, and, if so, to what extent it will injure him. There may be sufficient for his uses, without that which appellee impounds. All of these matters can be satisfactorily determined only when the lower dam is reconstructed. It may then be necessary for the court to formulate rules, and perhaps appoint a commissioner to see to their enforcement, governing the conduct of the parties in connection with the conservation of the waters. The impounding and use of flood waters in this territory is so important to its prosperity that too much care cannot be exercised in safeguarding the rights of all who seek to make a beneficial use of such waters.

From the testimony before the court, and under the circumstances disclosed, it would be impracticable so to frame a decree at this time as to do exact justice between the parties. Therefore it was more equitable to refuse to attempt to adjudge the rights of the parties until such time as appellant was ready to make use of any rights he may have in the premises.

Since the appellant is now making no use of the water, he is not entitled to a decree restraining appellee from polluting

the water. We express no opinion as to the merits of this branch of the case were he making use of the water.

It appears that during the pendency of the suit an injunction was obtained by appellant against the appellee, which injunction was subsequently modified by the trial court. At the trial both parties sought to prove damages by reason of the wrongful issuance of the injunctions, although appellee had no pleadings alleging damages. The decree gives neither party damages. Appellant complains because the trial court found that he had sustained no damages. We think the testimony in the record does disclose that damages were sustained by appellant, by reason of the issuance of the injunction, but we do not think that such damages may be recovered by way of cross-complaint. We held, in *Buggeln* v. *Cameron,* 11 Ariz. 200, 90 Pac. 324, that damages suffered by reason of the wrongful issuance of an injunction might be recovered in the injunction suit, upon proper supplemental pleadings and notice to the sureties upon the injunction bond. Until the court has passed upon the merits of the case, it is not made to appear that the injunction was wrongfully issued. Upon rendering judgment upon that issue, the court may hold the case open for the purpose of assessing damages, permit proper supplemental pleadings to be filed, and, upon such reasonable notice to the sureties as it may direct, try and determine the question of damages upon the issues raised by the supplemental pleadings; or, if the injunction bond is so conditioned as to permit, may leave the party to recover his damages in a separate action upon the bond.

The decree of the district court is amended to show the several cross-complaints of appellant dismissed without prejudice, and, as so modified, is affirmed.

KENT, C. J., and DOAN, LEWIS, and DOE, JJ., concur.

NOTE.—As to rights of prior appropriator of water, see note to *Isaacs* v. *Barber* (Wash.), 30 L. R. A. 665.