## Guiseppe Lovece, Defendant in Error, v. Joseph A. DeMarco et al., Plaintiffs in Error.

## Gen. No. 16,551.

INJUNCTIONS—*what does not affect action at law upon bond.* A failure to assess damages upon the dissolution of an injunction does not bar an action at law to recover damages predicated upon the bond.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912.

L. H. CRAIG, for plaintiffs in error.

ROCCO DeSTEFANO, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Guiseppe Lovece, hereinafter called plaintiff, obtained a judgment against Joseph A. DeMarco and Livia Lovece in a suit on an injunction bond, which judgment we are asked to reverse.

On September 8, 1908, the plaintiff sued out a forcible detainer writ against Livia Lovece for possession of certain premises in Chicago. On September 16, 1908, a bill was filed in the Superior Court of Cook

County by Livia Lovece against Guiseppe Lovece, claiming an interest in common in said property, praying for an accounting of rents, and also for an injunction restraining the prosecution of the forcible detainer suit. The injunction was ordered issued conditioned upon the complainant filing a bond. Thereupon the forcible detainer suit was dismissed. The bond not having been filed, on October 5th another forcible detainer suit was started in the Municipal Court, but on October 10th a bond signed by Livia Lovece as principal and Joseph A. DeMarco as surety was duly approved and filed, and thereupon an injunction issued restraining the prosecution of the aforesaid second forcible detainer suit, and on October 12th said suit was dismissed. Livia Lovece retained possession of the premises in controversy, by reason of said injunction, from October 10, 1908, to and until December 27, 1909. The plaintiff, Guiseppe Lovece, filed a crossbill in the proceedings in the Superior Court, and about November 8, 1908, a decree was entered in the Superior Court case dismissing the original bill for want of equity, with costs against the complainant, Livia Lovece. The court further found that the averments of Guiseppe Lovece in the crossbill were sustained and supported by the proof, and decreed that Livia Lovece was unlawfully withholding possession of the premises from Guiseppe Lovece, who was entitled thereto. Said decree ordered a writ of restitution. The plaintiff, Guiseppe Lovece, thereupon commenced suit upon the injunction bond, which is now before us on writ of error.

A number of points are presented to this court by plaintiffs in error, apparently predicated upon the assumption that the obligation of the injunction bond is conditioned upon the result of the forcible detainer suit. This is a misapprehension of the terms of the injunction bond, by which the obligors undertook to pay all costs and damages "as shall be awarded to

any one or more of said defendants jointly or severally against the said complainant, Livia Lovece, in case the said injunction shall be dissolved.''

As to the point that no costs or damages were awarded in the Superior Court decree, the answer is found in the proviso of section 12, chapter 69, Revised Statutes of Illinois, entitled ''Injunctions,'' which is as follows: ''*Provided* a failure so to assess damages shall not operate as a bar to an action upon the injunction bond.''

As to the last point, suggesting that Livia Lovece and Guiseppe Lovece were tenants in common and there could be no rent owing one to the other, it is sufficient to say that this contention was decided adversely to Livia Lovece by the decree in the Superior Court.

For the foregoing reasons the judgment is affirmed.

*Affirmed.*