FOSTER, Respondent, *v.* ROYAL INDEMNITY CO., Appellant.

(No. 6,354.)

(Submitted October 4, 1928. Decided October 15, 1928.)

[271 Pac. 609.]

Cause submitted on briefs of counsel.

*Mr. Benjamin P. Harwood,* for Appellant.

*Mr. William V. Beers,* for Respondent.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Action by Albert D. Foster to recover from the Royal Indemnity Company on an injunction bond after dissolution of the injunction. From the judgment in favor of plaintiff, defendant has appealed.

On writs of execution on judgment in favor of Foster and against a third person, certain personal property was levied upon and advertised for sale on February 19, 1297. Prior to said date the public administrator of Yellowstone county, without notice to Foster or the sheriff, secured a temporary injunction prohibiting the sale, effective on his furnishing a bond in the sum of $1,000. The Royal Indemnity Company is the surety on the bond, the condition of which is that the plaintiff will pay such damages as the defendants may sustain by reason of the issuance of the injunction, "if the court shall finally decide that the plaintiff is not entitled thereto."

Immediately after service upon him, Foster gave notice of motion to dissolve the injunction, which motion was presented and opposed on February 19 and by the court taken under advisement. On March 4 the court made and caused to be entered its order dissolving the injunction, which order recites that, after considering the pleadings and the evidence adduced on the hearing, the court finds that "the court should not have granted the injunction in the first instance and that the said injunction should be vacated and dissolved."

No award of costs was made in the order of dissolution, and no memorandum of costs and disbursements was filed or served; instead Foster made demand upon the surety for the payment of his expenses in getting the injunction dissolved, and, on its refusal to pay the same, commenced this action against it alone.

The complaint filed recites the facts as above outlined, and alleges that, by reason of the injunction, the sale advertised was never held and claims as "damages suffered" the expense attendant upon noticing the sale, amounting to $34.80; witness fees necessarily incurred and attorney's fees paid in procuring the dissolution of the injunction, the first amounting to $22.20 and the latter to $100; and the further sum of $5, paid to an attorney for taking the deposition of a witness in a distant city—a total of $162.

Defendant demurred to the complaint, but the demurrer was overruled, and, issue being joined, the cause was tried to the court with a jury. At the outset the defendant objected to the introduction of any testimony, which objection was overruled. The trial proceeded and resulted in verdict and judgment for the plaintiff for the full amount claimed. Defendant moved for a new trial, which motion was denied. This appeal followed.

1. The chief question raised by defendant's assignments of error is as to whether the complaint states a cause of action in the absence of an appropriate allegation of an award of costs in the order dissolving the injunction and subsequent service and filing of a memorandum of costs and disbursements; in other words, may a party securing the dissolution of an injunction maintain an action on the undertaking given on the issuance of the writ, in the absence of an award on the dissolution thereof?

Section 9252, Revised Codes of 1921, provides that "where an injunction order is granted without notice, and the same is afterward dissolved upon application of the party enjoined thereby, the court or judge to whom the application to dis-

solve is made may award as costs of the application against the plaintiff, and in favor of the party applying, such sum as to the court or judge may appear just, not less than ten dollars, nor more than one hundred dollars."

If, as contended by the defendant, the above provision is conclusive as to costs incurred on the motion to dissolve, a party, securing the dissolution of an injunction order issued without justification, would be limited to the award of $100 of the actual costs incurred which might, in many instances, far exceed that amount, and, if the position here taken by the defendant is correct, such an award would bar the recovery of any sum as "damages sustained" by reason of the issuance of the injunction order in this case, as the defendant asserts that an attorney's fee is, in contemplation of the statute, an item of "costs."

While this question has never been directly raised in this state, in *McDermott* v. *American Bonding Co.*, 56 Mont. 1, 179 Pac. 828, this court held that the trial court erred in refusing to include in a judgment recovered in an action on an injunction bond, after the dissolution of the injunction, the sum of $153.10, expended as court costs and witness fees, stating: "Since these expenses were necessarily incurred in pursuing the only available remedy for ridding themselves of the injunction, the expenditure of them should be held to have resulted directly from the wrongful issuance of the injunction."

It will be noted that the costs thus allowed in the above case exceeded the maximum which the trial court could have awarded under section 9252 above, on the dissolution of the injunction.

This defendant became surety on the bond required by the order of the court on granting the injunction and pursuant to the provisions of section 9246, Revised Codes of 1921; by signing the bond it contracted with reference to the statute (*Methodist Church* v. *Barker*, 18 N. Y. 465; *Wilde* v. *Joel*, 15 How. Pr. (N. Y.) 327), and its contractual liability is

determinable by the terms of the bond and the provisions of the statute (*Hayden* v. *Keith,* 32 Minn. 277, 20 N. W. 195).

Section 9246 above provides that the undertaking to be furnished must be "to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto," and the bond under consideration follows the wording of the statute.

In determining what items may be recovered as "damages" for the wrongful issuance of an injunction, the general rule is that the reasonable expenses and costs of procuring the dissolution of the injunction may be included (32 C. J. 470), and by the great weight of authority it is held that, where provision is made by statute for an award of costs or damages on the dissolution of an injunction wrongfully issued, such statutes are merely permissive, and the court may in its discretion either make an award in the manner prescribed, or may leave the party securing the dissolution to an action at law on the bond, providing the bond is so conditioned as to permit of such an action. (32 C. J. 440; 10 Ency. Pl. & Pr. 1124; *Meyers* v. *Block,* 120 U. S. 206, 30 L. Ed. 642, 7 Sup. Ct. Rep. 525; *Tullock* v. *Mulvane,* 184 U. S. 497, 46 L. Ed. 657, 22 Sup. Ct. Rep. 372; *Buggeln* v. *Cameron,* 11 Ariz. 200, 90 Pac. 324; *Lovece* v. *De Marco,* 170 Ill. App. 522.)

As costs and attorney's fees are properly considered "damages" suffered by reason of the issuance of the injunction order, they are recoverable in an action on the bond in the absence of an award of costs, and the complaint is not open to the attack made upon it by the demurrer and to objection to testimony in this regard.

2. There is no merit in the contention that plaintiff should have filed a memorandum of costs and disbursements in the injunction proceeding; he is not seeking the recovery of costs, as such, but damages suffered by reason of the wrongful is-

suance of the injunction, and section 9803, Revised Codes of 1921, relied upon by defendant, has no application.

3. Defendant next asserts that the complaint is insufficient ▇ in that plaintiff did not join the principal with the surety as a party defendant in this action. This question was set at rest in *Comerford* v. *United States F. & G. Co.*, 59 Mont. 243, 196 Pac. 984, wherein it is declared that it was optional with the plaintiff to make both the principal and surety on a bond parties to the action, citing section 6492, Revised Codes of 1907, now section 9084, Revised Codes of 1921. (See, also, *Deer Lodge County* v. *United States F. & G. Co.*, 42 Mont. 315, Ann. Cas. 1912A, 1010, 112 Pac. 1060.) This seems to be the general rule under statutory provisions such as ours. (9 C. J. 91.)

4. The next contention made by defendant is that it is ▇ entitled to stand upon the letter of its bond and that the order of dissolution does not declare, in the words of the statute and of the bond, that "the plaintiff is not entitled" to the injunction. What the court did find was that "the court should not have granted the injunction in the first instance," which is tantamount to saying that the plaintiff was not entitled to an injunction at the time it was issued and, consequently, "is not entitled thereto." The finding of the court is sufficient to show a breach of the condition of the bond and to support the judgment in the present action. (*Oelrichs* v. *Williams*, 15 Wall. (U. S.) 211, 21 L. Ed. 43; 32 C. J. 452.)

5. Numerous alleged errors are predicated upon instructions given, but the objections made thereto at the time of the settlement of instructions are based upon defendant's erroneous theory of the case as above discussed, and the same may be said of the court's refusal to give certain offered instructions.

6. Error is alleged on the court's rulings on certain questions propounded to witnesses regarding the matter of the at-

torney's fee claimed. We have examined the record and find no reversible error committed in this regard.

7. Finally it is contended that the verdict is excessive as ▇ to show passion and prejudice on the part of the jury sufficient to warrant a reversal.

On this assignment it is argued that the allowance of $100 to an attorney for about two hours' time in presenting the motion to dissolve the injunction, when that attorney was representing the plaintiff "throughout said case," is excessive. Suffice it to say that the testimony of reputable attorneys who took the stand on behalf of the plaintiff, warranted the finding of the jury that the charge was reasonable and we cannot disturb that finding. It is possible that certain items claimed as costs on dissolution should not have been allowed, but those items are not here questioned.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES STARK and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE MYERS not sitting.