### W. Y. ROBERTSON v. SCHNEIDER & DAVIS.

#### No. 724.

**Injunction Bond—Pleadings Necessary to Recovery Thereon.—**
Where property is levied on to satisfy a judgment, and one who is not a party
to the judgment obtains an injunction restraining the sale of the property, the
plaintiffs in the judgment are not entitled, upon a dissolution of the injunction,
to recover against the principal and sureties in the injunction bond the amount
of their judgment then remaining unpaid, without alleging damage or injury
resulting from the grant of the injunction.

ERROR from the County Court of Hill.    Tried below before Hon. A.
W. PARHAM.

*Smith & Davis*, for plaintiff in error.—There are no such pleadings in
the case as warrrant the judgment against the sureties on the injuction
bond.    The 10 per cent damages allowed by law on the amount of the
debt is the measure of the damages to which Schneider & Davis were en-
titled on the dissolution of the injunction, unless by pleading and evi-
dence a necessity for further relief had been shown.    All that is stated by
them is that they recovered judgment against Hudspeth & Co., and that
$252.52 and interest is unpaid.    The principal in the bond, Tom San-
ders, is not a party to that judgment, and does not in his injunction suit ask
that it be interfered with in any way, except that certain goods be not sold
under execution issued thereon.    In order for Schneider & Davis to hold
Sanders and his sureties liable, they should have averred what said goods
were worth at the time the injuction was granted, and that by reason of
its having been granted the goods had become worthless, in whole or in
part, and if in part, to what extent, and that their judgment remained
unpaid to a certain amount, and that said goods were the only property
of which they knew belonging to said Hudspeth & Co. subject to their
judgment.    Ferguson v. Herring, 49 Texas, 130; Railway v. White, 57
Texas, 130; Avery v. Stewart, 60 Texas, 154; 3 Ct. App. C. C., sec.
149; Fernandez v. Casey, 77 Texas, 452.

No brief for defendants in error reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—This writ of error was prosecuted
by W. Y. Robertson to the Court of Appeals from a judgment rendered
in the County Court of Hill County, against Tom Sanders as principal
and said Robertson and another as sureties on an injunction bond.    On
May 9, 1891, the judgment was affirmed by an oral opinion of the Court
of Appeals, and a rehearing was granted.

Defendants in error, Schneider & Davis, in 1884, brought an attach-
ment suit in Johnson County against Hudspeth & Co., in which they

caused to be seized under a writ of attachment the property of said Hudspeth & Co. in Johnson County, and also certain alleged property of said Tom Sanders, in Hill County. Sanders, after an ineffectual attempt, by a proceeding under the statute for the trial of the rights of property, to wrest the Hill County property from the attachment levied thereon, in the spring of 1885 obtained a writ of injunction, with plaintiff in error as one of his sureties on the injunction bond, by which injunction writ the judgment rendered against him in the suit for the trial of the rights of property in the sum of three hundred and odd dollars was enjoined. After this injunction was obtained, defendants in error recovered judgment in their attachment suit in Johnson County against Hudspeth & Co. for several hundred dollars, to which was applied a credit—resulting from the sale of the property attached in that county—which reduced the amount due on that judgment to about $250. Thereafter, on the 17th day of March, 1887, a judgment was rendered, from which this writ of error is prosecuted, dissolving said injunction, and against said Tom Sanders and his sureties on the injunction bond, W. Y. Robertson and E. V. Taylor, in the sum of $252.52, the amount remaining unpaid on the Johnson County judgment. As a ground for this recovery, Schneider & Davis alleged in their answer the amount due them upon the Johnson County judgment, without alleging any damage or injury resulting from the granting of the injunction.

The record contains no statement of facts, although the trial seems to have been upon both pleading and proof. It is perfectly clear, however, under the well settled rule adopted by our Supreme Court, that the judgment is without support in the pleadings, and must therefore be reversed. Reasons for this conclusion may be found in the following cases, to-wit: Railway v. White, 57 Texas, 130; Avery & Son v. Stewart, 60 Texas, 154; Ferguson v. Herring, 49 Texas, 130; Fernandez v. Casey, 77 Texas, 452.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 29, 1892.