MARIA BREDELL et al., Respondents, v. FAIR GROUNDS REAL ESTATE COMPANY et al., Defendants; NICHOLLS-RITTER REALTY AND FINANCIAL COMPANY, Appellant.

St. Louis Court of Appeals, July 22, 1902.

1. **Leasehold:** ASSIGNMENT OF LEASE: CONSTRUCTION: DUTY OF ASSIGNEE: TRUSTS: FORFEITURE. A leasehold, created by a lease subject to forfeiture for non-payment of ground rents, was mortgaged by the lessee, who thereafter assigned the rents due from sublessees and turned over the control of the property to a creditor. The assignment did not expressly require the creditor to pay the rents, but he took entire charge of the property, and paid such rents for several years. *Held,* that it was the creditor's duty to apply the income of the property to the payment of the rents before applying any portion thereof to his own claims.

2. ———: ———: TRUST DEED. An assignment of rents of a building to creditor subject to a deed of trust, charges the creditor to first apply the rents to the payment of the trust deed.

3. ———: ———: DISCHARGE OF CREDITOR: RENTS. Where rents of property and the control thereof are assigned to a creditor, the rents to be first applied to the payment of certain claims other than those of such creditor, the assignment is not terminated by the act of the creditor in paying his own debt before the prior debts, as he is trustee, and can not acquit himself until he has discharged all the duties thereof.

4. ———: ———: ———: RECEIVER: OBJECTION: PARTY: JUDGMENT. Where a receiver is appointed, a judgment in the suit directing the payment of a certain sum to the receiver is not open to the objection that it is in favor of a person not a party to the suit.

·Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*R. M. Nichols* for appellant.

(1) Nicholls-Ritter Realty & Financial Company became agents for the collection of the rent on the fifth day of May, 1898, when the Fair Grounds Real Estate Company acquired the property. The assignment of May 5, 1898, merely directed the application of the rents assigned thereby. The note of $2,000, secured by said assignment and the second deed of trust, was paid February 9, 1899. Such assignment of rents and the mortgage then became *functus officio.* Murphy v. Simpson, 42 Mo. App. 654; Welton v. Hull, 50 Mo. 296; Allen v. Dermott, 80 Mo. 56; Patrick v. Petty, 83 Ala. 420; Bank v. McKinney, 78 Me. 442; Lyon v. Ins. Co., 55 Mich. 141. (2) The assignment of May 5, 1898, having become *functus officio* on February 9, 1899, Nicholls-Ritter Realty & Financial Company could not be bound thereunder, or be in default under said assignment in not paying the ground rent accruing for March, April and May, 1900, or the interest notes, which did not mature until April 30, 1900. (3) The testimony conclusively shows that the $1,000 paid to Henry B. Scammel, on April 27, 1900, and the $1,200 paid to Nicholls-Ritter Realty & Financial Company on April 28, 1900, and the $1,788.87 paid to Nicholls-Ritter Realty & Financial Company on the open account, were paid on said dates, and that said payments were made under the unconditional assignment of August 17, 1898, long after the claimed conditional assignment had ceased to exist; and under this assignment Nicholls-Ritter Realty & Financial Company had a perfect right to prefer itself in preference to either the ground rent due to Mrs. Pim, or the interest due to Maria Bredell,

and Fair Grounds Real Estate Company had a right to make such preference. Ames v. Gilmore, 59 Mo. 537; Foster v. Planing Mill, 93 Mo. 79; Larraber v. Bank, 114 Mo. 593. (4) The provision contained in the mortgage, held by respondent, which provides "in case of a failure to perform any of the covenants herein contained . . . the said parties of the second part, or either of them, or his successor in trust, shall be entitled to the immediate possession of said premises, and the rents, issues and profits thereof," nor the assignment, will not vary the common-law rule, that until the mortgagee takes possession is he entitled to the rents and profits of the real estate. Simpson v. Keene, 39 Mo. App. 635; Armour Pack. Co. v. Wolff, 59 Mo. App. 663; In re Life Assn. v. Rosenblatt, 96 Mo. 32. (5) The testimony shows that the promise to each of the third parties, for whose benefit it was made, has been discharged by payment, by the receiver. There was no debt on the date of the trial owing by the promisee to the third parties. No evidence was given of any assignment of the causes of action to the receiver, or to the plaintiff, Maria Bredell. The receiver was not a party to the suit, and did not ask subrogation to the rights of Mrs. Bredell and Mrs. Pim, under the contract. Therefore, there was no cause of action, and any judgment in favor of the receiver and against the appellants would plainly be erroneous. Hicks v. Hamilton, 144 Mo. 495; Devers v. Howard, 144 Mo. 678; Street & J. v. Goodall, 77 Mo. App. 320; Harberg v. Arnold, 78 Mo. App. 238.

*Stewart, Cunningham & Eliot* for respondents.

(1) When a corporation places all of its assets into the possession and control of another person, not a bona fide purchaser without notice, leaving its debts unpaid, its property is charged in equity with its debts. Railway v. Bank, 134 U. S. 276; Railroad v. Pettus, 113

U. S. 116; Railroad v. Branch, 59 Ala. 139; Bank v. Moran Packing Co., 138 Mo. 59. (2) A contract made upon a valid consideration may be enforced by a third person, though he is not named in the contract, where the obligee owes to such third person some duty, legal or equitable, which will give him a just claim. Meyer v. Lowell, 44 Mo. 328; Flanagin v. Hutchinson, 47 Mo. 237; Ellis v. Harrison, 104 Mo. 270; Houseman v. Trenton Water Co., 109 Mo. 304; Devers v. Howard, 144 Mo. 671; Kansas City School District v. Livers, 147 Mo. 580; Street v. Goodall, 77 Mo. App. 318; Harberg v. Arnold, 78 Mo. App. 237. (3) The words "ground rent," as used in the instrument of date May 25, 1898, include the payment of taxes, as well as the payment of monthly installments of rent. Gilbert on Rents, p. 9; Smith on Landlord and Tenant, *9, 90; Coke-Littleton, 142a; Doe v. Benham, 7 Q. B. 976; Ehrman v. Mayer, 57 Mo. 622; Eliot v. Gantt, 64 Mo. App. 248; Woods' Landlord and Tenant, sec. 298. (4) The words "subject to," as used in the instrument dated August 17, 1898, are the equivalent of "charged with," and mean that the rents referred to in the instrument are to be applied to the performance of the covenants contained in the deed of trust. Jackson v. Isaacson, 27 L. J. Eq. 392; Bullery v. Rovinson, 3 Burd. 392; 3 Jarman on Wills, p. 399; 9 Am. and Eng. Ency. Law (1 Ed.), p. 962; Walker v. Goodsill, 54 Mo. App. 631.

BLAND, P. J.—On December 20, 1900, Celeste Pim, owner in fee, leased to M. A. Haldeman and others a lot of ground with improvements thereon in city block 182, on Olive street, in the city of St. Louis, for a term of twenty-two years to commence January 1, 1891. The property is known as Nos. 720-722, and the building thereon situated as the Virginia Building.

By mesne assignments of the lease, the Fair Grounds Real Estate Company became the assignee of the lease on April 29, 1898. On April 30, 1898, the

Fair Grounds Real Estate Company made, executed and delivered its deed of trust on the leased premises, conveying its interest in the leasehold to trustees therein named to secure two principal notes, one for fifteen thousand dollars and the other for ten thousand dollars, and twelve interest-bearing notes, all made payable to J. D. Ferry, beneficiary in said deed. The principal notes were to become due three years after date; the interest notes at intervening periods of six months. These notes were indorsed by Ferry without recourse and delivered to plaintiff Maria Bredell.

The different floors of the Virginia Building were sublet to the Columbia Phonograph Company, Gertrude Davis, and Charles J. Farrar.

On the twenty-fifth day of May, 1898, the Fair Grounds Real Estate Company assigned the rents due and to become due from the sublessees, to Nicholls-Ritter Realty & Financial Company and turned over to it the management and control of the leased premises with authority to collect rents and apply the surplus, after paying certain fixed charges, to the extinguishment of its claim.

On May 25, 1898, the Fair Grounds Real Estate Company executed its deed of trust on the leasehold to S. C. Buckingham as trustee, for the use and benefit of G. A. Dubbs and to secure to said Dubbs the payment of a promissory note of two thousand dollars and two interest notes of sixty dollars each.

On October 14, 1898, it executed a second deed of trust on the leased premises to the same trustee, to secure the payment of a note of twenty-five hundred dollars payable to George A. Dubbs.

M. A. Haldeman, on the twentieth day of May, 1899, recovered judgment in the circuit court of the city of St. Louis against the Fair Grounds Real Estate Company for $7,417.68.

On August 17, 1898, the Fair Grounds Real Estate Company executed a second assignment of the rents

Bredell v. Fair Grounds Real Estate Co.

to Nicholls-Ritter Realty & Financial Company, and to one Scammell, to secure them the amounts due them from the Fair Grounds Real Estate Company. Both the assignments of May 25, 1898, and on August 17, 1898, were made "subject to the deed of trust now on the property."

It appears from the evidence that between May 31, 1898, and April 19, 1900, the Nicholls-Ritter Realty & Financial Company collected rents aggregating $27,581.16. Of this amount it disbursed $21,521.29 on account of ground rent, interest and expenses. On February 19, 1899, it paid to itself $2,080 principal and interest due on the note mentioned in the first assignment. On April 27, 1900, it paid a note of $1,000 to Scammell, claimed to be secured by the second assignment, and on April 28, 1900, it paid a note of $1,200 due to itself, and the further sum of $1,788.87 on open account due from the Fair Grounds Real Estate Company to it, claimed to be secured by the second assignment, making a total of $27,519.28 of rents paid out by it. The ground rents for the months of March, April and May, 1900, amounting to $1,875 were delinquent and two interest notes were past due on April 1, 1900, aggregating $750.

After the assignment of May 25, 1898, by the consent of the Fair Grounds Real Estate Company, Nicholls-Ritter Realty & Financial Company took entire charge of the leased premises and continued in charge thereof and was so in charge when this suit was commenced.

The lease from the owner of the property, was owned by the Fair Grounds Real Estate Company. After the execution of the assignment of May 25, 1898, the control of this property and its entire business was turned over by the Fair Grounds Real Estate Company to Nicholls-Ritter Realty & Financial Company and its accounts were kept by the latter company in its private books.

The suit is in equity to foreclose the deed of trust and to require the Nicholls-Ritter Realty & Financial Company to account for the rents collected by it in excess of the fixed charges and expenses of managing the property. The alleged sum it should account for after paying all fixed charges and expenses is $6,289.94, which sum it was alleged it holds as trustee for the benefit of plaintiff Maria Bredell.

The appointment of a receiver was asked for. This prayer was granted by the court and W. F. Parker was appointed receiver, who took charge of the property under his appointment in June, 1900.

The answer of the Nicholls-Ritter Realty & Financial Company, in addition to a general denial, set up that it loaned to the Fair Grounds Real Estate Company $2,000, part of the purchase money for the leasehold; alleged the assignment of May 25, 1898, to secure said loan; alleged the payment of this note February 9, 1899, out of the rents collected by it; set up the assignment of August 17, 1898, for the purpose of securing to it and Scammell certain loans aggregating $4,000, and that the rents collected by it were used in payment of this indebtedness.

The reply put in issue the new matter.

It was shown by the testimony of C. C. Nicholls, president of the Nicholls-Ritter Realty & Financial Company, that his company collected all the rents of the property for the Fair Grounds Real Estate Company from April 29, 1898, down to the institution of this suit; that on April 28, 1900, the sum of $3,988.87 stood to the credit of the Fair Grounds Real Estate Company, which sum was transferred to the general account of Nicholls-Ritter Realty & Financial Company from the Fair Grounds Real Estate Company; that after the assignment the Fair Grounds Real Estate Company kept no books; but that all of its accounts were carried on the books of the Nicholls-Ritter Realty & Financial Company, and that the entire business of

the Fair Grounds Real Estate Company during this period was carried on by the Nicholls-Ritter Realty & Financial Company, and that it had no property or assets other than its leasehold in the Virginia Building.

On April 29, 1901, the court, after hearing the evidence, entered its decree, finding that the Fair Grounds Real Estate Company was in default of the payment of two interest notes maturing twenty-four months after date, aggregating $750, and that the taxes for 1898 and 1899 were in default and that the ground rent due to Celeste Pim for March, April and May, 1900, had not been paid, and that there was due plaintiff from principal and interest on the notes secured by the deed of trust, $27,335.50; that the Nicholls-Ritter Realty & Financial Company, by the acceptance of the assignment and under the terms thereof, became obliged and bound to apply all the money collected by it on the rent account of the leasehold property, after reasonable expenses of the maintenance of the property, to the payment of the installments of rent, taxes and interest, and that there was in the hands of said company the sum of $6,060.08, applicable to the payment of rent, interest and taxes, for which the defendant, the Fair Grounds Real Estate Company, was bound, and which it was the duty of said defendant to have applied prior to the institution of this suit for said purpose, and that the sums due and payable were the aforesaid sums of $1,875 rents under the lease, $3,673.94 for taxes for the years 1898 and 1899, and $750 for interest due the plaintiff.

Thereafter, on the tenth day of May, 1900, the court amended its decree by remitting $3,673.94, taxes due for the years 1898 and 1899, and ordered the Nicholls-Ritter Realty & Financial Company to pay to the receiver $2,625, the amount due as ground rent and interest.

After unavailing motions for new trial and in

arrest, the Nicholls-Ritter Realty & Financial Company appealed.

Plaintiff makes the following assignments of error:

"1. The court erred in holding that the assignment of the rents under date of May 5, 1898, to Nicholls-Ritter Realty & Financial Company, to secure them in the payment of the $2,000 note, had any binding force or effect after the note was paid, viz., February 9, 1899.

"2. The court erred in holding that Nicholls-Ritter Realty & Financial Company could not pay the accumulated rents in satisfaction of the debts secured by the assignments of rents dated August 17, 1898, or that the rents accumulated in their hands were impressed with any trust under the assignment of May 5, 1898, when the same has become *functus officio* by the payment of the debt to secure which it was given.

"3. The court erred in holding that the mortgagee was entitled to the rents by reason of any provision contained in the mortgage, purporting to assign the rents and profits before the mortgagee obtained possession through the arm of the receiver.

"4. The court erred in holding that there was any debt for interest and rent in existence during the agency of Nicholls-Ritter Realty & Financial Company of the property, when the testimony showed that the interest notes maturing during such agency, and the rents for March, April and May, 1900, had been paid by the receiver.

"5. The court erred in holding that the written assignment of May 5, 1898, constituted a promise on the part of Nicholls-Ritter Realty & Financial Company to the Fair Grounds Real Estate Company, as promisee, for the benefit of Maria Bredell and Mrs. Pim; and further erred in holding that appellants were liable upon such promise, because it was shown that

the debt covered by such promise had been fully paid and satisfied at the date of the trial.

"6. The court erred in entering judgment in favor of the receiver, who was not a party to the suit."

Numbers one, two and three of these assignments may be considered together.

The following covenant is found in the lease, to-wit:

"And the said parties of the second part, the lessees herein, and each of them, for themselves and their legal representatives, hereby covenant and agree to pay or cause to be paid to the said party of the first part, the lessor herein, her legal representatives or assigns, the yearly rent herein reserved, in the amounts and on the days hereinabove appointed for the payment of the same, and further to pay within the time required by law for the payment thereof, all taxes general or special and all liens and assessments of every kind and nature that may hereafter be made, created and imposed by authority of law on or against said leased premises or the improvements thereon."

In the deed of trust the party of the first part (the Fair Grounds Real Estate Company) covenanted and agreed to promptly and fully comply with all the terms and conditions required of the lessees under the lease.

In the same instrument is a further covenant that the party of the first party shall pay all taxes and assessments levied on said premises before the same becomes delinquent.

The assignment of May 5, 1898 and of August 17, 1898, to Nicholls-Ritter Realty & Financial Company were made "subject to the deed of trust on the premises."

1. By the amendment of the decree, the circuit court eliminated the question of appellant's liability to pay taxes delinquent for the years 1898 and 1899. It only remains to determine whether or not it can be held

to pay the ground rent of $1,875, and the past due interest notes amounting to $750.

On the execution of the first assignment to appellant, the evidence is clear and undisputed that it not only collected the rents assigned, from the subtenants, but that it took charge of and managed the premises, undertook and did for over two years perform the covenants of the Pim lease, to pay the ground rent and to pay certain other fixed charges, and paid the expenses of the maintenance of the premises. The assignment does not in terms provide that appellant should do this; but under the terms of the lease it was necessary that it should be done in order to prevent a declaration or forfeiture of the lease by the lessor, and we think it quite clear that the assignment was made with the understanding between the parties that the appellant should perform these covenants and make these payments before applying any of the proceeds of the rent to the payment of its debt in order to keep alive the lease. This is made more apparent from the fact that, after the assignment, the Fair Grounds Real Estate Company ceased to do any business or keep any books, but entrusted its whole interest and business to the care and management of the appellant. I think the court was clearly right in holding that it was the appellant's duty, under the assignment, to pay the ground rents out of its collection before applying any part of them to the payment of its individual claims.

2. In respect to the interest notes, it is to be observed that both assignments were made subject to the deed of trust. The words "subject to," when used in a connection like this, mean "charged with." Walker v. Goodsill, 54 Mo. App. (K. C.) 631; Jackson v. Isaacson, 27 L. J. Ex. 392; Clyde v. Simpson, 4 Ohio St. 445; Skinner v. Shepard, 130 Mass. 180.

The assignment of the rents, "subject to the deed of trust," in effect charged the payment of the interest notes against the rents, and it was the plain duty of the

appellant to pay these notes as they matured, out of the rents, before setting aside any part of the same to the payment of its individual claim.

3. In respect to the fourth assignment, all that is necessary to be said is that any payment made by the receiver out of the funds raised by him as the officer of the court on his certificate of indebtedness, was done for the purpose of paying taxes, etc., and did not change the status of the appellant in respect to its obligations as they existed when the suit was commenced.

The contention of appellant that, after the payment of its own indebtedness, the assignment became *functus officio*, is without merit. Appellant assumed the position of a trustee for the proper disbursement of the rents to be collected by it and can not acquit itself of the trust until it has discharged the duties assumed by it when it took charge of the leasehold.

4. The fifth assignment of error is disposed of by the second paragraph of this opinion.

5. The sixth assignment of error is based on an erroneous conception of the judgment. The judgment is not rendered in favor of the receiver, as assumed by the appellant. It is in favor of the plaintiff. The money to be paid by appellant is ordered to be paid to the receiver, which is equivalent to an order to pay it into court. The receiver is the officer of the court charged with certain duties, among which is to collect and receive moneys and to disburse them on the order of the court. When this money is paid it will be under the control of the court and subject to its order, and may be applied by the court wherever in equity the court shall determine.

Discovering no reversible error in the judgment it is affirmed. *Barclay* and *Goode, JJ.*, concur.