(March 7, 1914.)

## WILLIE E. GUTHRIE, FRANK ANDREWS and WILLIAM HAYES, Respondents, v. D. H. BIETHAN, L. R. ALDRICH and H. W. CURTIS, Appellants.

[139 Pac. 718.]

Injunction—Quashing Writ—Damages.

    1. One who is restrained by writ of injunction from doing something he had no legal right to do cannot recover damages though the injunction has been wrongfully issued.

APPEAL from the District Court of the Sixth Judicial District, in and for Bingham County. Hon. J. M. Stevens, Judge.

Action to recover damages on an injunction bond where the writ had been dismissed or quashed. Judgment for plaintiff. *Reversed.*

Hansbrough & Gagon, for Appellants.

A person restrained from doing what he had no legal right to do has no right of action for damages, even though the injunction has been wrongfully issued. (22 Cyc. 1062; *Parks v. O'Connor*, 70 Tex. 377, 8 S. W. 104.)

When goods are illegally seized under execution, the plaintiff cannot recover damages by reason of an injunction to prevent a sale sued out by the person entitled to the goods, even if the injunction was not warranted by law. (*Sumner v. Crawford* (Tex. Civ. App.), 41 S. W. 825.)

The allowance of counsel fees as damages upon dissolving an injunction is based upon the fact that the defendant has been compelled to employ aid in ridding himself of an unjust restriction which has been placed upon him by the action of the plaintiff. (2 High on Injunctions, 4th ed., sec. 1686; *Buford v. Keokuk Northern Line Packet Co.*, 3 Mo. App. 159;

*Boleing v. Tate,* 65 Ala. 417, 39 Am. Rep. 5; *Anderson v. Provident L. & Trust Co.,* 26 Wash. 192, 66 Pac. 415.)

Costs or damages are not allowable in a suit or proceeding to which the injunction is a mere incident to the main suit. (22 Cyc. 1057; *Bullard v. Harkness,* 83 Iowa, 373, 49 N. W. 855.)

A. S. Dickinson, for Respondents, cites no authorities on point decided.

SULLIVAN, J.—This action was brought on an injunction bond to recover damages alleged to have accrued by reason of the wrongful issuance of a writ of injunction. The action was tried by the court with a jury and verdict rendered and judgment entered for plaintiffs in the sum of $125. The appeal is from the judgment.

The following facts appear from the record:

On the 29th of October, 1910, the appellant Biethan brought an action to foreclose a crop mortgage, against J. D. Muir as mortgagor, joining also George A. Robethan, Willie E. Guthrie, Frank Andrews, Murl Burton, David France, William Hayes, Thomas Conroy and John T. Danilson, sheriff of Bingham county, as defendants. The defendant Robethan held a prior crop mortgage against Muir, in which foreclosure proceedings had been had. The other defendants, except the sheriff, were crop lien claimants against Muir. At the same time an injunction was issued enjoining the sheriff from paying over any money, goods or chattels then in his hands or that might come into his hands by reason of the sale of any of the property of said Muir. In said action of *Biethan v. Muir et al.,* said lien claimant defendants filed an answer and set up copies of farm laborers' liens, and also averred in their answer the confession of judgment by Muir and a decree of foreclosure, foreclosing said farm laborers' liens, and alleged and claimed that said liens were superior to the lien of the mortgage which plaintiff Biethan was seeking to foreclose. This action was commenced October 29, 1910, and the answer thereto was filed November 12, 1910. On Novem-

ber 15, 1910, a notice and motion was filed in that suit to dissolve the injunction. On November 18th or 19th, 1910, the same was heard and taken under advisement by the court, and on the 22d of November, 1910, the court made an order dissolving the injunction. It also appears that on the hearing on the motion to dissolve said injunction, two judgments had been entered upon the confession of judgment by Muir in favor of the lien claimants. One was an ordinary money judgment, and the other a decree of foreclosure and sale under said liens. Said two judgments purported to have been filed with the clerk on the 24th of October, 1910, but the evidence shows that the second, the decree of foreclosure, was not entered for several days after the first judgment and was filed sometime after the 28th of October, 1910, as of the 24th of that month.

Neither at the time said answer was filed and the motion to dissolve was made, nor until the motion was argued did the plaintiff in his foreclosure suit have knowledge that there had been entered by confession said two judgments. Immediately after the discovery that said judgments had been entered by confession, the appellant Biethan brought another suit in the district court against Muir, the plaintiffs in this action and others, charging fraud and irregularity in the procuring of said judgments by confession, and on the same day obtained another injunction enjoining and restraining the same parties from doing the same acts that they were enjoined from doing in the former suit, the foreclosure suit, and then paid no further attention to the injunction in the foreclosure suit. The foreclosure suit was postponed and continued until the second suit was tried, which trial was had after answer by the defendants setting up practically the same defense as in the first action, and on the trial of that case before a jury, the jury found that the defendants, who are the respondents here, were guilty of fraud and conspiracy in having said two judgments entered by confession. The court adopted the special verdict of the jury, whereby he found the respondents guilty of fraud and made the injunction in said suit perpetual.

The foreclosure suit came on for trial and the respondents here made no defense thereto and the appellant Biethan's mortgage was foreclosed and the property and money covered thereby was subjected to the payment of the debts secured by said mortgage. Said property and money were the same property and money in the hands of the sheriff that Muir and his codefendants endeavored to secure in payment of said judgments of confession that the court afterward held were obtained by fraud and conspiracy of said parties.

It will thus be seen that the injunction on which this action was based was issued in a suit wherein Biethan was attempting to prevent Muir and others from procuring the payment of said property and money on the fraudulent judgments which they had obtained by confession. Had Muir and his co-conspirators been entitled to a judgment for the amount due as claimed by said laborers' liens and the foreclosure of the same, a judgment for the amount due on the liens and the foreclosure of the liens should have been had in the same proceeding; but it appears that a money judgment was rendered first and then a decree of foreclosure was thereafter entered for the purpose of enforcing the collection of said money judgment.

As to the said judgment and decree, the court found, among other things, as follows: "That the said liens so filed by the defendants, Willie E. Guthrie, Frank Andrews and William Hayes, were and are illegal, fraudulent and void, and that the judgment so confessed thereon by the said Muir, was obtained by the fraud and conspiracy of the defendants, J. D. Muir, Willie E. Guthrie, Frank Andrews and William Hayes, and that the said judgment and decree of foreclosure so obtained is fraudulent and void."

Judgment was entered accordingly, setting aside the decree foreclosing said liens.

While counsel for appellant assigns seventeen specific errors, they are grouped and discussed under two heads in the brief of appellant. The first is that the court erred in refusing to sustain the demurrer to the complaint, and the second, that the evidence is insufficient to support the verdict.

From the foregoing statement it will be observed that the injunction on which this action is based was issued to restrain Muir and others from enforcing a judgment that had been obtained by fraud and conspiracy. It is a plain rule of law and common sense that one cannot be legally damaged for being restrained from doing an illegal act. A person cannot sustain legal injury unless he has been wrongfully restrained from doing something he had a legal right to do. Although the injunction in issue was dissolved, another and separate action had been brought attacking said fraudulent judgment, and an injunction issued in that case for the very purpose that the first injunction was issued. Under the law a person who has been damaged by reason of having been wrongfully restrained by injunction from doing something that he had a legal right to do may recover what damages he has sustained; but the law does not contemplate that a person may be compensated in damages for being restrained from doing a thing he had no legal right to do; for if he had no legal right to do the act, he cannot be damaged and has no cause of action if he be enjoined from doing an illegal act. It is held by very respectable authority that a person restrained from doing what he had no legal right to do has no action for damages even though the injunction has been wrongfully issued. (22 Cyc. 1062; *Parks v. O'Conner,* 70 Tex. 377, 8 S. W. 104.)

In *Summer v. Crawford* (Tex. Civ. App.), 41 S. W. 825, the court held that where goods are illegally seized under execution, the plaintiff cannot recover damages by reason of an injunction to prevent a sale, sued out by the person entitled to the goods, even if the injunction were not warranted by law.

It is clear that there must be an unjust restriction of a right to make one liable in damages for suing out a writ of injunction, and one who has obtained a judgment by fraud on a debt that has been paid cannot recover damages on the injunction bond even though the injunction be dismissed and the writ quashed.

We do not hold nor do we intend to hold in this case that where an injunction is dissolved and that ends the matter, that a person may not recover his damages for a wrongful issuance of such injunction, nor that one may set up as a defense to an action on the bond in such case that as a matter of fact the injunction was not wrongfully issued.   But where, as in this case, it was determined by an action in court that the judgment which said injunction was sought to restrain the collection of was obtained through conspiracy and fraud, such an adjudication may be interposed as a defense to the action on the bond for damages.

Since we hold that the respondent cannot recover damages it will not be necessary for us to pass upon the other assignments of error.   The judgment is therefore reversed and the cause remanded to the trial court with instructions to dismiss the action, with costs in favor of appellant.

Ailshie, C. J., and Stewart, J., concur.