[Civ. No. 2499. Third Appellate District.—September 14, 1922.]

## C. W. COCKERILL, Appellant, v. E. J. TOBIN et al., Respondents.

[1] Landlord and Tenant—Assignment of Leased Land to Sublessees—Liability to Furnish Water.—Where a lease of lands for the purpose of growing rice thereon which bound the lessors to furnish water in sufficient quantities to properly irrigate the crop was assigned to sublessees, the fact that the assignment was made "subject to" all the terms and conditions of the original lease except as to the rental gave the sublessees no right of action against the original lessees for failure to furnish water.

APPEAL from an order of the Superior Court of Colusa County granting change of place of trial. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. D. McComish and R. C. McComish for Appellant.

Tobin & Tobin and Seth Millington, Jr., for Respondents.

FINCH, P. J.—The plaintiff has appealed from the order of the court granting defendant E. J. Tobin's motion for a change of the place of trial to San Mateo County. It is not disputed that the place of residence of defendants E. J. Tobin and Abby Parrott Tobin is in San Mateo County and that of defendants Takata and Matsushige in Colusa County. The only question presented by the appeal is whether the complaint states a cause of action against the last-named defendants.

The complaint alleges that the Tobins leased certain lands to Takata and Matsushige for the purpose of growing rice thereon and by the terms of the lease agreed "to furnish water in sufficient quantities to properly irrigate a crop of rice to be planted and grown upon said lands at all times when needed"; that Takata and Matsushige, with the written consent of the lessors, "assigned said lease and sublet said premises in so far as the westerly 390 acres thereof were concerned to the plaintiff C. W. Cockerill and one Dean M. Cockerill, and said assignment and sublease were expressly made subject to all the terms and conditions of said original lease except as to the rental to be paid thereunder"; that the Cockerills planted a crop of rice on the 390 acres and that they and the original lessees "duly performed all the conditions of said original lease on their part" and that the sublessees "performed all the conditions of said assignment and sublease on their part"; and that "the defendants herein have wholly failed, neglected and refused to furnish water in sufficient quantities to properly irrigate a crop of rice on the land leased by said assignment and sublease to the damage of the plaintiff and said Dean M. Cockerill in the sum of $59,300."

[1] There is no allegation that the original lessees agreed to furnish any water to the Cockerills, but appellant contends that the allegation that "said assignment and sublease were expressly made subject to all the terms and conditions of said original lease" amounts to an allegation that the

lessees agreed to furnish water. It is clear that this contention cannot be sustained. "To be 'subject to' is 'to become subservient to' or 'subordinate to.' " (*Coffey* v. *Superior Court,* 147 Cal. 535 [82 Pac. 79].) The original lease did not bind the lessees to furnish water and it is not perceived by what course of reasoning it can be said that the provision of the sublease making it subject to the terms of the original lease could impose an obligation on the lessees not assumed by them in the original lease. Since there is no allegation in the complaint from which an inference can be drawn that the lessees agreed to furnish the Cockerills with water, the complaint fails to state a cause of action against Takata and Matsushige and the motion for a change of venue was properly granted.

The order appealed from is affirmed.

Anderson, J., *pro tem.,* and Burnett, J., concurred.