## HUDSPETH et al. v. GUGGENHEIM et al.* (No. 8072.)

Court of Civil Appeals of Texas. San Antonio. Nov. 28, 1928.

Rehearing Denied Dec. 22, 1928.

Sidney P. Chandler and Kleberg & North, all of Corpus Christi, for appellants.

B. D. Tarlton, Boone & Savage, and F. A. Raymer, all of Corpus Christi, for appellees.

FLY, C. J. This is an application for a temporary injunction to restrain appellants, J. W. Hudspeth and wife and E. F. Hudspeth and wife, from interference with S. Guggenheim, Anna Cohn, a feme sole, and Joseph A. Cohn, appellees, in the use, enjoyment and occupation of a certain tract of land, being section 103 of the F. Z. Bishop subdivision of the Driscoll ranch in Nueces county. The temporary writ of injunction was granted by the court, and it also issued a mandatory injunc-

---

*Writ of error dismissed.

tion requiring appellants to surrender possession of the premises to appellees.

This suit was filed on October 19, 1925, and involved the right of possession to the land in the last part of 1925 and the year 1926. Appellants claimed right to possession of the land as tenants of appellees, and claimed the right of possession by virtue of a verbal rental contract for the crop years of 1925 and 1926, and on a trial on the merits the court held it had been determined, on the hearing as to the mandatory injunction, that the right to the possession of the land was in appellees, and as the time of the lease for 1925 and 1926 had expired the question was moot and the injunctions were perpetuated. The court dismissed a cross-action of appellants.

Appellants filed their cross-action on November 8, 1927, based on damages for being ousted of possession of the premises through the temporary writs of injunction, and being placed in jail for contempt and disobedience of the orders of the court. The trial court had heard testimony on the allegations of the petition and had granted the injunctions to protect appellees in their rights to their property. There was a thorough investigation of the cause, and after it was decided by the trial judge it was appealed to this court, where the action of the trial court was sustained, and a writ of error afterwards refused by the Supreme Court. In the decision on appeal it was said by Associate Justice Smith: "Upon the hearing of the motion to dissolve the parties went very fully into the whole transaction, eliciting evidence which covers 160 pages in the statement of facts. The evidence clearly negatives the claim of the Hudspeths of an express renewal of the lease of the premises in controversy. The evidence shows also that, relying upon the absence of the lease to the Hudspeths, Gugenheim leased the premises to another for a period of two years, and is now confronted with the alternative of placing the new lessee in possession, or of responding to him in damages sufficient to compensate him for whatever loss he may suffer by reason of the breach of that contract. So does the evidence show that the Hudspeths have disobeyed the restraining orders here complained of and intend to continue in possession regardless of litigation, and even to the extent of replevy and repossession in event of sequestration or detainer proceedings, thus rendering futile any resort Gugenheim may have to those, his only, legal remedies." Hudspeth v. Gugenheim (Tex. Civ. App.) 278 S. W. 952. The former trial, that decision on appeal settled every issue in the case, whether the judgment was interlocutory or final, and it would have been a useless and futile thing to have repeated the whole trial, especially when by the lapse of time the possession contended for by appellants had passed beyond recall into a dead past. The question of the right of possession having been effectually settled in favor of the owners of the land, the injunctions could not have formed the basis for damages of any kind, and certainly not for those arising from appellants' being placed in jail because of their disobedience of the orders of the court. The orders have been approved by the courts of Texas, and appellants could not recover for damages arising from their own lawlessness.

Cases often arise in which the proceedings on the hearing of a petition for a temporary injunction will settle every issue in the case, and it would be unreasonable and farcical to compel a trial court to go over the same proceedings, and the same evidence, in order to render a final judgment. Appellants do not contend that they had other facts to present, and appellees have already presented sufficient facts to entitle them to a recovery.

Appellants wanted possession of the premises for 1925 and 1926, and when those years were forever gone the subject-matter of the litigation "had melted into air, into thin air," and there was nothing over which to litigate.

There is no merit in the appeal, and the judgment will be affirmed.