## BUTTRILL et al. v. OCCIDENTAL LIFE INS. CO.

### No. 10856.

Court of Civil Appeals of Texas. Dallas.

Oct. 4, 1930.

Read, Lowrance & Bates, of Dallas, for the motion.

LOONEY, J.

Defendant in error, a New Mexico corporation doing business in this state under a permit, sued A. B. Buttrill, principal debtor, on certain written instruments, and brought in as defendants L. O. Turner and Sam. L. Sanders, as sureties on a bond in which they agreed, in the event of Buttrill's failure, to pay plaintiff the indebtedness evidenced by the instruments sued upon, not to exceed the sum of $1,000, and in like manner and on similar allegations plaintiff brought in E. T. Scheppler and Wesley B. Young, seeking recovery against them as sureties on a separate bond in the sum of $1,500. Plaintiff recovered a default judgment against Buttrill for the sum of $2,023.08, and against the two sets of sureties on the bonds respectively executed by them. Defendants appealed by writs of error.

Defendant in error moves to dismiss Buttrill's appeal on the following grounds:

■ (1) Because the citation in error failed to state the names of all defendants, reciting only that "A. B. Buttrill et al are defendants." Plaintiff in error was not required to do other than allege "the names and residences of the parties adversely interested" (article 2257, R. S. 1925), and this requirement was complied with. The statute (article 2260) requires that the citation in error state "the names of the parties" given in the petition, but it is evident that provision refers only to parties whose names are required to be mentioned in the petition; that is, those "adversely interested." We therefore overrule this ground of the motion.

■ (2) Because it does not appear that an original citation in error was issued "forthwith" after the petition in error was filed, and further that the citation indorsed "alias" does not indicate how many previous citations had been issued.

Article 2259 of the statute directs the clerk, upon the filing of a petition for writ of error, to "forthwith" issue citation, and article 2262 provides that, "if the citation is returned not executed, the clerk shall forthwith issue an alias or pluries citation, as the case may be."

The record discloses that the petition in error was filed May 31, 1930, and on June 12 following the alias citation was issued. The clerk was not authorized to issue an alias until the original citation was returned "not executed"; therefore, nothing appearing to the contrary, the presumption will be indulged that the clerk did his duty and issued citation "forthwith" after the filing of the petition, and further that, on its return not executed, he forthwith issued the alias. We overrule these contentions.

■■ (3) The next ground of the motion is based on the idea that, service of citation in error on Fitzhugh B. Marshall was not in compliance with the statute, in that, he was not one of the persons named in the statute upon whom process against foreign corporations may be served; hence the service was void and did not confer jurisdiction upon this court.

The controlling statute is article 2031, R. S. 1925, which provides that, process against foreign corporations may be served, among others, on its "general manager, and in any cause of action arising within this State, process may also be served upon any local or traveling agent, or traveling salesmen of such corporation," etc. The petition in error alleged "that the company maintained an office in the City of Dallas, State of Texas, Fitzhugh B. Marshall being the state agent and general manager of said company and residing in the County of Dallas, State of Texas." The alias citation commanded the officer to summons the company "by delivering to Fitzhugh B. Marshall of Dallas, Texas, state agent and manager of said corporation, a true copy hereof," etc. The return of the officer shows that service was obtained on the corporation "by delivering to Fitzhugh B. Marshall, state agent and manager, in person a true copy of the citation, etc."

In support of the motion to dismiss, Marshall made affidavit denying that he was "either * * * general manager, local or traveling agent * * * of the corporation," but affiant failed to set up any facts revealing the nature or scope of his employment, or showing in what capacity he acted for the corporation. The statements of affiant that he was neither manager nor local agent of the corporation were but terse utterances of legal conclusions, and not, in our opinion, sufficient to overcome the legal effect of the return of the officer. Besides the record discloses that, in opposition to defendant's motion for a new trial, filed in the court

below, Marshall made affidavit in which he said: "I am now and was at all times alleged in the plaintiff's original petition and at the time of the employment of A. B. Buttrill as agent for Occidental Life Insurance Company, and during the time of his employment and at the time his employment ceased, and have continued up to the present time the state agent of the plaintiff, Occidental Life Insurance Company, for the State of Texas, and have handled the entire transaction complained of in this suit with A. B. Buttrill, and have personal knowledge of the facts of such transaction," etc.

We are of opinion that the facts stated by Marshall in this affidavit, considered in connection with the entire record, show that he was in fact general manager in Texas for the corporation within the meaning of the statute; hence process served on him conferred jurisdiction upon this court. We therefore overrule the motion to dismiss the appeal as to Buttrill.

The ground upon which the motion to dismiss the appeal of the sureties, Scheppler, Young, Turner, and Sanders, is made is that service upon Marshall was void and conferred no jurisdiction upon this court, in that he was not one of the persons named in the statute upon whom process against foreign corporations may be served.

The petition for the writ of error of these plaintiffs in error alleged that the corporation had an office and place of business in the city and county of Dallas; Fitzhugh B. Marshall being its manager in charge thereof. The citation commanded the officer to summons the corporation having an office and place of business in said city, Fitzhugh B. Marshall being its manager and agent in charge, and the officer's return showed that service was obtained "by delivering to Fitzhugh B. Marshall, manager of an office of the within named plaintiff corporation, in person, a true copy of the citation."

Thus it will be observed that the sureties sought service by serving the process on Marshall in his capacity as local agent for the corporation. We know no reason why a representative of a foreign corporation may not at the same time maintain the relation of general manager, as well as that of local agent. The cause of action, as disclosed by the record, arose in this state, and it is not denied that the corporation did in fact maintain an office at Dallas for the transaction of business, nor is it denied that Marshall was its agent in charge. The affidavit of Marshall heretofore quoted shows that, as agent, he represented the corporation throughout in the transactions involved in this suit, and his denial, in general terms, that he was general manager or agent for the company (mere conclusions), without stating facts showing the nature or scope of his employment, or the

duties required of him as such, was insufficient to overturn the legal effect of the officer's return; besides we think it reasonably appears that Marshall was in fact local agent in charge of the company's Dallas office. We therefore overrule the motions to dismiss the appeal.

Overruled.